[No. 2831. Decided January 29, 1898.]

MARY D. SMITH, *Appellant*, v. CITY OF SEATTLE, *Respondent*.

LIMITATIONS — ACCRUAL OF CAUSE OF ACTION — INJURIES FROM REMOVAL OF LATERAL SUPPORT.

A right of action for damages on account of removal of lateral support accrues, not at the date of the act of removal, but at the time that injury actually results therefrom, and it is only from the latter date that the statute of limitations begins to run.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Reversed.

*Smith & Cole*, for appellant.

*John K. Brown*, and *F. B. Tipton*, for respondent.

The opinion of the court was delivered by

GORDON, J.—The complaint in this action alleges that the appellant is the owner in fee of lot 2, block 42, of Terry's Second Addition to the city of Seattle, situated at the southwest corner of Seventh avenue and Alder street, said lot being 60 feet wide and 120 feet long, and distant easterly from Yesler Way (a public street) about 130 feet at its southwest corner, and about 175 feet at its northwest corner, said block 42 being fractional, and bounded southwesterly by Yesler Way, which runs diagonally through it. That in the summer of 1888 plaintiff erected a dwelling house on said lot; that in its natural state the lot was substantially level and the soil and earth of the lot so related to the soil and earth immediately to the southwestward, and to the soil and earth of Yesler Way that the latter formed the natural and actual support of the soil and earth of plaintiff's lot. That in the summer and fall of 1888 the city graded Yesler Way between Sixth and Seventh avenues, excavated to the depth of from 15 to 25 feet below the natural surface of the land to the southwestward of plaintiff's property, and carelessly and negligently made such excavation without leaving or providing any means for lateral support for the soil and earth adjoining Yesler Way to the northeastward thereof, in consequence of which the soil and earth immediately to the northeasterly of said Yesler Way

"began forthwith to crack, subside and slide away, which said cracking, subsidence and sliding away has continued intermittently, but surely and without restraint northeasterly from Yesler Way ever since.

"That by reason of the careless, negligent and unskillful grading of said Yesler Way as aforesaid by defendant,

and the failure of defendant to furnish any lateral support, or any support, in place of that removed by said grading to the land to the northeasterly of said Yesler Way, between Sixth and Seventh avenues, and to the said lot of plaintiff, the soil and earth immediately northeast of said Yesler Way during the period from the grading of said Yesler Way to the fall of the year 1896 kept gradually sliding or falling into said Yesler Way, and said defendant thereupon . . . so carelessly and negligently excavated and removed said sliding and falling soil and earth and provided no lateral or subjacent support in place thereof,. that the soil and earth next further northeast thereto slid and fell into said excavation in and adjoining said Yesler Way; that in the months of October, November, December of 1896 and January, 1897, said defendant oftentimes actively and with great force excavated and removed from said Yesler Way the earth and soil sliding and falling thereon as aforesaid, carelessly and negligently, carrying away said soil and earth by sluicing and hydraulicking the same recklessly and carelessly, also going off from said Yesler Way to the northeast thereof upon private property between Sixth and Seventh avenues, and removing therefrom large masses of soil and earth for the purpose of the sooner tearing down said hillside and removing the lateral support of land to the northeasterly thereof and to plaintiff's lot, and providing no lateral support in place thereof for land adjacent thereto or to the lot of plaintiff; and also during said months . . . excavating and removing earth and soil from below the established grade of said Yesler Way, between Sixth and Seventh avenues, *on account of which acts of defendant,* carelessly, negligently and wrongfully done, and on account of its failure to provide to plaintiff's lot lateral or subjacent support, the lot of plaintiff in the month of October, 1896, began to crack, subside and fall away onto adjoining land to the southwesterly thereof and into said Yesler Way, which said cracking, subsidence and sliding away of the soil and earth of plaintiff's lot continued during the months of October, November, December of 1896, and January, 1897, nor was the same caused by or attribu-

table to the weight, or otherwise of plaintiff's said house, or any part thereof, or to any improvements on said lot made by plaintiff;   .   .   .

"That solely by reason of said grading, excavation and removing of soil and earth   .   .   .   and failure to provide lateral support in place of that removed   .   .   . the soil and earth of the west (40) forty feet of plaintiff's lot during the months of October, November, December, 1896, and January, 1897, cracked, broke away and subsided to a depth of more than twenty (20) feet from its former and natural level, and slid and moved westerly onto adjoining land and into Yesler Way; that by reason thereof plaintiff has suffered and sustained damages to the amount of three thousand (3000) dollars."

The complaint further shows that before commencing the action plaintiff presented a claim in writing to the city council, and that such claim was rejected.  To this complaint the city demurred upon two grounds, viz.: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) That the action was not commenced within the time limited by law.  The superior court sustained the demurrer and this appeal is from that order and the judgment of dismissal which followed it.

In *Parke v. Seattle*, 5 Wash. 1 (34 Am. St. Rep. 839, 31 Pac. 310), we held that where a municipal corporation in grading a street so negligently excavates the earth that the abutting land is deprived of lateral support to such a degree as to cause damage, the city is liable for the damages thereby occasioned.  The plaintiff in that action, Parke, was the owner of the lot situated between the lot of the appellant in the present action and Yesler Way.

As to the first ground of demurrer it seems to be conceded by respondent that the complaint states a cause of action unless the bar of the statute has run.  Therefore the real question for determination is, was the action seasonably commenced?  It is the contention of the respondent

" that any cause of action which plaintiff might have had which is based upon the negligence of defendant in grading Yesler Way in 1888 is barred by the statute of limitations."

We cannot agree with this contention. It appears from the complaint that the injury to plaintiff's property did not occur until October, 1896. The statute of limitations does not begin to run until a right of action exists, and the right of action did not exist until the injury occurred. The language of the statute is:

" An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action *shall have accrued*." 2 Hill's Code, § 120 (Bal. Code, § 4805).

*Wilcox v. Plummer's Ex'rs*, 4 Pet. 172, has no application to the present case, and the other authority cited by respondent, viz., Wood on Limitations of Actions, § 179, does not sustain respondent's position. It is there said that

" In actions for injuries resulting from the negligence or unskillfulness of another, the statute attaches and begins to run from the time *when the injury was first inflicted*, and not from the time when the full extent of the damages sustained has been ascertained."

As already observed, no injury to plaintiff's property was sustained until October, 1896.

The case of *Backhouse v. Bonomi*, 1 Best & Smith (Q. B.), 970, is squarely in point. In that case A was the owner of a house. B, the owner of a mine under it, in working the mine left insufficient support to the house. The house was not damaged until some time after the working had ceased. It was held that A could bring an action at any time within six years *after the mischief happened* and was not bound to bring it within six years after the work was done which originally led to the mischief. To

the same effect are *Mitchell v. Darley Main Colliery Co.,* 14 Q. B. Div. 125, affirmed in 11 App. Cas. 127; *Stroyan v. Knowles,* 6 Hurl. & N. (Exch. Rep.), 454; *Bank of Hartford County v. Waterman,* 26 Conn. 324.

It follows that the demurrer should have been overruled and the order and judgment of the superior court must be reversed.

DUNBAR, ANDERS and REAVIS, JJ., concur.