[No. 9977.   Department Two.   May 7, 1912.]

GEORGE W. BRISKY et al., Respondents, v. LEAVENWORTH LOGGING, BOOM & WATER COMPANY et al., Appellants.[1]

LIMITATION OF ACTIONS—ACCRUAL—TORT—FLOODING LANDS.  An action for damages by periodic flooding by a dam accrues at the time the injury is done, and not at the time the dam was built.

WATERS AND WATER COURSES — OBSTRUCTION — FLOODING LANDS—DAMAGES—ELECTION.  In an action for damages by flooding land by a dam, the plaintiff may recover for permanent or temporary damages to the land, or both, and for loss of crops, and cannot be required to make an election.

APPEAL—REVIEW—VERDICT.  A verdict for damages to land by flooding, approved by the trial court, will not be set aside on appeal as excessive, where it cannot be said to be the result of passion or prejudice.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered June 30, 1911, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort.   Affirmed.

Reeves, Crollard & Reeves, for appellants.

Martin & Barrows, for respondents.

DUNBAR, C. J.—The plaintiffs brought this action for damages done to their land and crops by flooding, caused by the dam and log jams built by defendants, in the years 1907, 1908 and 1909.  Damage for the year 1907 was eliminated at the trial, and no evidence was introduced as to that

[1]Reported in 123 Pac. 519.

year.   The plaintiffs also sought to recover damages for
land which was at all times covered with water during the
three years aforesaid, but this item of damage was eliminated
by the trial court.   The plaintiffs' action at the time of the
trial was for damage caused by periodical flooding during
the years 1908 and 1909, and was confined only to the land
which was flooded at intervals and dry at other times.   Spe-
cial interrogatories were submitted to the jury at the trial,
and the jury found in substance that, except in the year
1894, the plaintiffs' land had never been overflowed before
the dam was built; that since the building of the dam, the
land was first flooded in 1906, but was immediately drained
by the breaking of the dam; that the evidence showed nothing
as to flooding in 1907; that in 1908 and 1909, by the com-
bined influence of the dam and log jams, the water was
raised permanently over twelve or thirteen acres, and tem-
porarily or at intervals over about fifty-two or fifty-three
acres of the plaintiffs' land.   The jury found a verdict for
the plaintiffs for the damage done by temporary or periodic
flooding during the seasons of 1908 and 1909, all of which
damage occurred within two years prior to the commence-
ment of this action.

Appellants' first contention is that the court erred in over-
ruling the demurrers to the complaint, it being contended
that the cause of action arises when and as soon as a party
has a right to apply to the proper tribunal for relief, and
that, under the facts in this case, the action was barred at the
time of its commencement, viz., January 31, 1910.   There is
no contention, as we understand it, that the action was not
brought within the statute if the statute does not begin to
run until the damage was done.   The appellants' contention
cannot be sustained, under the rule announced by this court
in. *Sterrett v. Northport Mining & Smelting Co.*, 30 Wash.
164, 70 Pac. 266, where it was held that the fact that
a smelter would inevitably occasion the damage for which
plaintiffs sued would not start the running of the statute of

limitations from the first operation of the smelter, but the right of action would accrue only at the time the fumes began to cause damage. In undertaking to distinguish that case, it is said by the appellants that the smelter might never have been used after being built. The same thing may be said of the dam in this case. The cases cannot be distinguished in principle. The action may be brought for damages caused by a continuing nuisance, although the nuisance which was the cause of the subsequent damages may have been created more than two years prior to the commencement of the action. The demurrers were properly overruled.

It is contended that the court upon the motion of appellants should have required the respondents to elect upon which theory they would proceed; that is, to declare whether or not they were demanding permanent damages for injury to their land and also for loss of crops. The court decided that they were not compelled to elect at that time, but that they had a right to show any condition, and that the matter would be submitted by an instruction to the jury. In this we think the court did not err. It was the right of the respondents to try their action for any damages which the testimony would sustain, whether permanent, temporary, or both. All could be tried in one action. No special instruction was asked by the appellants on this subject. The instruction given by the court seems to us to very fairly and explicitly state the law.

Nor have we been able to find any prejudicial error in the admission or rejection of testimony. Under the pleadings and all the testimony, there can be no question of the right of the respondents to recover in this action. The only disputable question is the amount of the recovery. To us, in the light of the testimony, the verdict seems large, but this question was submitted to the jury under proper instructions. The court who submitted it and who tried the cause has refused to interfere with the conclusion of the jury in this re-

gard, and we are not prepared to say that the verdict is so large that it is evidently the result of passion or prejudice. The judgment will therefore be affirmed.

Fullerton, Ellis, Mount, and Morris, JJ., concur.