[No. 13408.   Department One.   June 15, 1917.]

O. L. WILLETT et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

MUNICIPAL CORPORATIONS—CLAIMS—NECESSITY—DAMAGES.  Where lots were flooded in consequence of the city's failure to provide an adequate culvert through which a stream could pass under a street fill, and the damages were neither contemplated by the plan of the work nor a necessary incident in making the improvement, the damages were consequential and sound in tort, and a claim therefor is a condition precedent to action, under Seattle charter, art. 4, § 29, requiring claims for damages, "which must accurately locate and describe the defect that caused the injury."

SAME—CLAIMS—SUFFICIENCY.  Under Seattle charter, art. 4, § 29, requiring claims to contain the items of damages, evidence of consequential damages sounding in tort from the flooding of lots in making a street fill and cut is not admissible under claims for damages for cutting off access to property or digging into lots with a steam shovel and which made no mention of flooding or inadequate drains.

APPEAL—REVIEW—VERDICT.  A verdict sustained by conflicting evidence submitted by proper instructions is conclusive.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 29, 1915, upon the verdict of a jury rendered in favor of the defendant, in an action for damages to property.  Affirmed.

*Edward Judd*, for appellants.

*Hugh M. Caldwell* and *Robert H. Evans*, for respondent.

MAIN, J.—The purpose of this action was to recover damage to property by reason of the improvement of a city street.  The cause was tried to the court and a jury, and resulted in a verdict in favor of the defendant.  The plaintiffs appeal.

The facts are these:  On the 19th day of June, 1908, and for some time prior thereto, the appellants were the owners of a tract of land consisting of approximately fifteen acres,

which had been platted into blocks and lots and was known as O. L. Willett's addition to the city of Seattle. Extending along the south side of this addition, was Graham street, with which the streets appearing upon the plat of Willett's addition intersected. On the date mentioned, the respondent city contracted for the improvement of Graham street. This improvement in front of a portion of Willett's addition involved a deep cut; in front of another portion, a fill of considerable height. Across Willett's addition was a small perennial stream, flowing to the south and across Graham street. In making the fill, the city failed to provide an adequate drain or culvert under the fill through which the water of the stream could pass, and as a consequence, a portion of Willett's addition was flooded and damaged. During the time the work was being performed, some of the lots of the addition abutting upon the cut were dug into by the steam shovels. The action as first brought sought an injunction restraining the improvement because of its interference with the access to Willett's addition. After this action was brought, a stipulation was entered into by which the work was permitted to continue.

Prior to the institution of the action, and on April 19, 1909, the appellants filed a claim for damages with the city council, "by reason of the grading of Graham street," and "entirely cutting off access to Graham street from Thirty-fifth avenue south, one of the streets dedicated in the plat of said addition (Willett's addition); and that the said grading is being so conducted that a heavy cut is being made along and on Graham street in front of the center and west side of said addition, so as to cut off access to Graham street from 33d avenue south, one of the streets dedicated in the plat of said addition."

In this claim for damages, no mention is made of the flooding of a portion of Willett's addition by reason of inadequate drainage. Another claim for damages was filed on May 31, 1913, and in this no item of damages for flooding is men-

tioned. On September 15, 1914, an amended complaint was filed, upon which issue was joined by answer, and the cause, in due time, proceeded to trial.

Upon the trial, the appellants offered evidence as to damages sustained by reason of the flooding, to which objection was made by the city and sustained by the trial court. The reason for this ruling was that the flooding was not claimed as an item of damages in either of the claims filed.

Upon this appeal, the first question is whether the filing of a claim with the city is a condition precedent to the maintenance of an action for damages caused by the flooding. Section 29 of article 4 of the charter of the city of Seattle requires, among other things, that claims for damages "must accurately locate and describe the defect that caused the injury, accurately describe the injury, . . . contain the items of damages claimed, and be sworn to by the claimant." Under this charter provision, claims for damages, whether sounding in tort or contract, must be presented within the time and in the manner therein provided. *International Contract Co. v. Seattle*, 69 Wash. 390, 125 Pac. 152; *International Contract Co. v. Seattle*, 74 Wash. 662, 134 Pac. 502. Where, however, the property taken or damaged is contemplated by the plan of the work and is a necessary incident to the making of the public improvement no claim is necessary, because, strictly speaking, the property owner's action rests neither in tort nor contract. In other words, where the taking or damaging is an indispensable and integral part of the improvement, necessarily anticipated by the plan and intended in the performance of the work, no claim is necessary, because the property owner is only recovering the compensation which he would have received had the city, prior to making the improvement, brought an action in condemnation for the purpose of having the damages for the taking or damaging determined. *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Jorguson v. Seattle*, 80 Wash. 126, 141 Pac. 334.

In the *Kincaid* case, damages were sought because the toe or foot of the ,slope of a fill necessarily extended over onto the plaintiff's lots, and consequently the taking there was contemplated by the plan of the work and was a necessary incident to the making of the public improvement. This question is fully and thoroughly discussed in the *Kincaid* and *Jorguson* cases, and the limitations of the rule pointed out, and it seems unnecessary to again enter upon a discussion of the question. In the present case, the item of damages for flooding was neither contemplated by the plan of the work nor a necessary incident in making the improvement in Graham street. Such damages were consequential or resultant and, therefore, sound in tort, for which no action could be maintained unless a claim therefor had been filed as required by the provision of the city charter above referred to. In the cases of *Wendel v. Spokane County*, 27 Wash. 121, 67 Pac. 576, 91 Am. St. 825, and *Farnandis v. Great Northern R. Co.*, 41 Wash. 486, 84 Pac. 18, 111 Am. St. 1027, 5 L. R. A. (N. S.) 1086, cited by the appellants, the question of the necessity of filing a claim was not involved. It may be that there is some language 'in the opinion in each of those cases that is not in harmony with the views expressed in the *Jorguson* càse, *supra*, but if those cases are not in accord with the *Jorguson* case, they are necessarily modified to the extent that there is 'lack of harmony.

It is next claimed that, if the filing of a claim is necessary, under the claims filed, the testimony as to the flooding should have been admitted. In neither of these claims was there any mention made of an item of damages by reason of the overflow of the land caused by an inadequate drain under the fill. The charter provision requires that the claim shall specify the items of damages. In *Casassa v. Seattle*, 75 Wash. 367, 134 Pac. 1080, it was held that, under this charter provision, an action could not be maintained for an item of damage not covered by the claim. It follows that the ruling of the trial

court in sustaining the objection to the offered testimony should not be disturbed.

Lastly, it is contended that the trial court erred in not entering judgment for the appellants for damages in a substantial amount, notwithstanding the verdict of the jury. The basis of this contention is that the appellants were entitled to damages to the lots abutting upon the cut which were dug into by the steam shovels during the progress of the work. Whether there was damage in this regard, and, if so, how much, under a proper instruction, was submitted to the jury. The evidence was conflicting. That offered in behalf of the appellants, if accepted by the jury, would sustain a verdict in a substantial amount. That offered by the respondent, if accepted by the jury, would result in a verdict in favor of the respondent. Upon this conflicting evidence, the question was one for the jury.

The judgment will be affirmed.

ELLIS, C. J., MORRIS, CHADWICK, and WEBSTER, JJ., concur.