[No. 15473. Department Two. January 3, 1920.]

AMANDA NEELY et al., *Respondents*, v. THE CITY OF SEATTLE, *Appellant.*

MICHAEL DOLAN et al., *Respondents*, v. THE CITY OF SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS (566, 567)—CLAIMS—SUFFICIENCY—VARIANCE. Under a claim against a city for overflowing certain described tracts of land, damages to other lands cannot be recovered, in view of the city charter requiring all claims to contain the items of damages and to accurately describe the injury, as a prerequisite to action.

SAME. Under a claim against a city for overflowing all of plaintiffs' lands, recovery may be had for damages to only part.

WATERS AND WATER COURSES (72)—ACTION FOR FLOWAGE—ACT OF GOD—EVIDENCE—SUFFICIENCY. Where floods are not unprecedented, and higher floods had occurred in prior years, they are not within the rule of nonliability as acts of God.

Appeal from judgments of the superior court for King county, Tallman, J., entered May 9, 1919, upon the verdict of a jury rendered in favor of the plaintiffs, in consolidated actions in tort. Affirmed as to respondents Dolan; reversed as to respondents Neely.

*Walter F. Meier* and *Edwin C. Ewing,* for appellant.

*Revelle & Revelle* (*Lucas C. Kells,* of counsel), for respondents Neely.

*Walter A. Keene,* for respondents Dolan.

MOUNT, J.—These two actions were brought by the plaintiffs independently, to recover damages from the city of Seattle by reason of the alleged negligence of the city in permitting the waters of White river to flow upon the lands of the plaintiffs. After issues were joined, the two cases were consolidated for the

[1]Reported in 186 Pac. 880.

purpose of trial and were tried to the court and a jury. The result was a verdict and judgment in favor of the plaintiffs Dolan for the sum of $1,541.25, and for the plaintiffs Neely in the sum of $8,220. The city has appealed from these judgments.

So far as this appeal is concerned, the facts may be briefly stated as follows: The city of Seattle owns a tract of land in section 14, township 22, range 4. The White river flows along the southwestern corner of this tract. Between the river and this tract of land a dike was constructed, many years ago, so as to prevent the flood waters of White river from flowing over the adjacent lands. This dike has been used for many years as a county road. It is fourteen feet in width on the surface and thirty to forty feet wide at its base. The flood waters of White river have never been known to overflow this dike. To the north of the city's property are several tracts of land owned by the respondents. In June of 1917, the city found it necessary to dispose of sewage from various buildings upon the city farm, and for that purpose constructed a four-inch tile drain pipe from the city farm buildings through, under and across the dike road adjacent to the city farm. This pipe was laid through and under the dike road in a tunnel, so as to discharge the sewage into White river. It is alleged in the complaint that this sewer was negligently constructed through the dike, and that, when the waters of White river arose, these waters washed out the tunnel and the dike, so that the waters of the river were permitted to flow in and upon the respondents' property, to their great damage. In December of 1917, there occurred in the White river valley a succession of floods. When the floods came, the waters cut through the tunnel and washed out through the dike a channel more than one hundred feet wide, so that the respondents' property

was flooded and great quantities of sand and debris were deposited thereon. This flood occurred between the 14th and 28th of December of that year.

On the 25th of January, 1918, the respondents Neely filed with the proper officials of the city of Seattle a claim for damages alleged to have been occasioned to their property by reason of the negligent construction of the tunnel and drain. They described by metes and bounds five separate tracts of land claimed to have been damaged. We deem it unnecessary to set out the long descriptions in these notices and will designate these tracts by numbers, as they are designated in the briefs here on appeal. The first tract, which is numbered 1, contained 9.28 acres; the second tract, numbered 2, contained 6.47 acres; the third tract contained 27.43 acres. With this claim was also filed a blueprint showing the location of these different tracts. On January 28th, the respondents Neely filed another claim, describing by metes and bounds two other tracts, which may be referred to as tracts 4 and 5. These descriptions covered, in the aggregate, a tract of land lying north of the city's property containing something over forty acres. Between these tracts and the city property were three other tracts of land, referred to as tracts 7, 8 and 9, which were not described in any of the claims. On the 24th of January, 1918, the respondents Dolan filed with the proper officials of the city of Seattle a claim for damages to land owned by them. This description was also by metes and bounds and included tracts 1, 2, 4 and 5, described in the Neely claim, and an additional tract, designated as tract 6, lying between the tracts described as 1, 2, 4 and 5. So that the claims presented to the city by the Neelys and Dolans duplicated tracts 1, 2, 4 and 5. When the action was brought by the Neelys, they described the lands in their complaint the same as they

were described in the claim of damages filed with the city previously. Thereafter, and before the city answered, an amended complaint was filed by the Neelys, in which amended complaint damages were claimed for the three tracts numbered 7, 8 and 9, lying between the city property and the properties described in the claims by the Dolans and the Neelys. No claim for damages on account of the injury to these tracts, 7, 8 and 9, was ever presented to the city. Upon the trial of the case, the court permitted evidence to go to the jury showing damages to these tracts, 7, 8 and 9. This evidence was objected to by the appellant at the time, and at the close of the case, counsel for the city requested the court to strike all the evidence relating to these tracts from the consideration of the jury. This the court denied.

The principal error relied upon by the appellant is that the court erred in receiving any evidence as to damages to these tracts 7, 8 and 9, for the reason that no claim for damages was filed in time with the city on account of these tracts. Section 29, art. IV, of the charter of the city of Seattle is as follows:

"All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued, . . . All such claims for damages must accurately locate and describe the defect that caused the injury, accurately describe the injury, give the residence for one year last past of claimant, contain the items of damages claimed, and be sworn to by the claimant. No action shall be maintained against the city for any claim for damages until the same has been presented to the city council and sixty days have elapsed after such presentation."

Section 7995, Rem. Code, provides:

"Whenever a claim for damages sounding in tort against any city of the first class shall be presented

to and filed with the city clerk or other proper officer
of such city, in compliance with valid charter pro-
visions of such city, such claim must contain, in addi-
tion to the valid requirements of such city charter
relating thereto, a statement of the actual residence
of such claimant, . . ."

This court has held that these provisions of the
charter and the statute apply to all claims for dam-
ages against such cities. In the case of *Casassa v.
Seattle,* 75 Wash. 367, 134 Pac. 1080, we said:

"Art. 4, § 29 of the charter of Seattle requiring the
presentation to the city council and filing with the
clerk of all claims for damages against the city within
thirty days after such claims accrued, provides that
the notice of claim shall 'contain the items of dam-
ages claimed.' For the full text of this charter pro-
vision and the character of claims which have been
held to be included within its purview, reference is
made to the following decisions: *Jurey v. Seattle,*
50 Wash. 272, 97 Pac. 107; *International Contract Co.
v. Seattle,* 69 Wash. 390, 125 Pac. 152; *Id.,* 74 Wash.
662, 134 Pac. 502; *Cole v. Seattle,* 64 Wash. 1, 116 Pac.
257, Ann. Cas. 1913A 344, 34 L. R. A. (N. S.) 1166.
Under these decisions, the presentation and filing of
the claim was an indispensable prequisite to the main-
tenance of this action. They unequivocally hold that
the charter provision applies to all claims for dam-
ages."

See, also, *Willett v. Seattle,* 96 Wash. 632, 165
Pac. 876.

It is argued by the respondents Neely, in substance,
that the object of filing this claim with the city council
is to give notice of the damages claimed; and because
this court in a number of cases has held that a liberal
construction should be placed upon these statutes—
as in *Ellis v. Seattle,* 47 Wash. 578, 92 Pac. 431, and
*Wagner v. Seattle,* 84 Wash. 275, 146 Pac. 621, Ann.
Cas. 1916E 720—that, when there was no evident in-

tention to mislead, but a *bona fide* attempt to comply with the law, the notice is sufficient, in the absence of any evidence that it did in fact mislead. Those were cases where an attempt was made to describe a particular place. That rule does not control the facts here. In this case the respondents Neely filed a claim in which they described certain of their lands as being damaged. These lands were described definitely by metes and bounds. Other parts of their lands which had been covered by water were not included within the description and no claim for damages was made on that account. If the respondents Neely, in filing their claim with the city council under these provisions of the statute and of the city charter, had described all their lands and claimed that all thereof had been damaged, as was done in the claim filed by the Dolans, we have no doubt that would have been sufficient notice to the city, and the respondents Neely might then have proved all the damages which all their lands had been subjected to. But when they select out certain specified tracts described by metes and bounds, and where, as here, a blueprint is filed showing the exact location of these lands upon which damages are claimed, they are bound by that claim. They may not afterwards show that other lands were also damaged and recover therefor. These claims were for the purpose of notice to the city. The city had a right to rely upon the claims as filed as being the whole claim for damages, and was not bound to take notice that other lands belonging to the claimants were also damaged when no claim was made therefor. We think it is too plain for argument that, under the decisions of this court which hold that these claims are a prerequisite for maintaining an action, damages not claimed in such notice may not be demanded. *Wagner v. Seattle, supra.*

It will not do to say that damages to lands other than those claimed in the notice may be proven upon a trial where only specific lands are claimed in the notice to have been damaged. We are satisfied, therefore, that, in the Neely case, the trial court erred in receiving evidence of damage to tracts 7, 8 and 9, and in submitting that evidence to the jury. The court, upon the motion of the appellant, should at least have stricken out all the evidence relating to damages to these tracts of land, because they were not referred to in the claim of damages filed with the city under the provisions of the city charter and the statute above referred to. The claim of the respondents Dolan does not fall within this rule, because in the description of their lands they included the whole tract which they said was damaged. As a matter of fact, the whole tract was not damaged, but a part thereof was damaged, and the part that was damaged was included within the whole tract. That was notice to the city that the respondents Dolan intended to rely upon the damage to the whole tract. The opposite is true with reference to the Neely tract.

Appellant further argues that the court erred in its instructions to the jury. We think there is no merit in this contention. We have carefully read the instructions to the jury and are satisfied that they state the law of the cases. The instructions were long and it would be of no assistance to the court, upon a retrial, to enter into a detailed discussion of the alleged errors. They are not of sufficient importance to justify further consideration.

When the cases were submitted to the jury, and after verdict, the appellant moved the court for a judgment *non obstante,* because there was not sufficient evidence to go to the jury. It is argued, in regard to this point, that the evidence showed that the floods in

the White river at the time of these damages were unprecedented floods, and were therefore the act of God. We find abundant evidence in the record to the effect that these were not unprecedented floods; that higher floods had occurred in prior years; and, of course, if these floods were not unprecedented, it follows that they were not within the rule of that commonly known as an act of God. Furthermore, the court properly instructed the jury upon this question and the jury evidently found that these floods were not unprecedented.

For the reasons hereinabove stated, the judgment in favor of the Neelys is reversed and remanded for new trial, and the judgment in favor of the Dolans is affirmed.

HOLCOMB, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.