[No. 25802. *En Banc.* July 27, 1936.]

R. T. DEMPSEY, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

*Sherwood & Heiman,* for appellant.

*A. C. Van Soelen* and *John A. Logan,* for respondent.

HOLCOMB, J.—On December 18, 1932, appellant's premises at a certain address in Seattle were temporarily flooded through the breaking of a city water main. On January 14, 1933, appellant filed a claim for damages to the personal property in his premises resulting from the flooding. That claim was rejected for insufficiency in form. It contained no items for damages to the real estate, except it claimed six dollars for renewal of the drain to the basement, which drain was alleged to have been filled with sand and mud.

[1]Reported in 59 P. (2d) 923.

On August 10, 1933, appellant filed the claim upon which this action is based. The claim and complaint are founded upon the theory that the breaking of the water main and the resulting flooding of his premises were due to the negligence of the city, alleging that the flood caused a subsidence and sinking of the ground under his house which caused the house to buckle and crack, which subsidence and consequent damage were not discovered nor discoverable by him until July 12, 1933, which was all within thirty days before that claim was filed.

Section 29, Art. IV, of the charter of Seattle provides:

"All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued, . . ."

The proof showed, and the trial court found, that appellant had suffered considerable damage by the subsidence of the house after his original claim had been filed; that, by reason of such sudden and violent flooding, soil and dirt upon which appellant's house was erected was washed away and there was deposited in the basement mud and silt; that, by reason of the removal of soil and dirt from thereunder, the house thereafter subsided, cracked and buckled in several places; that the subsidence of the house commenced at the time of the flood upon the removal of such lateral support and was due directly thereto, although the full effect of such subsidence and damage was not apparent to appellant until on or about July 12, 1933; that such damage to appellant's house began at the time of the breaking of the water main, and that he knew or, in the exercise of reasonable diligence, could have ascertained on or prior to January 14, 1932, that portions of the soil supporting the house had been

removed by the action of the flood waters and that the house might or probably would subside, crack or buckle as a result thereof; and that he had failed to file a proper claim within thirty days after the accrual of his claim, as provided by the above-quoted provision of the Seattle charter. The trial court accordingly concluded that appellant was entitled to recover nothing and dismissed his action with prejudice.

On appeal, as grounds for reversal, appellant forcefully contends that no probability of future damage could possibly have been apparent within the thirty days following the flood, and that the damage arose from a trespass resulting in a continuing nuisance, and that the damage sued for was not apparent, material, or reasonably discoverable, prior to July 12 to 15, 1933.

It is unquestionable, of course, that the damage which resulted from the breaking of the main and the flooding of appellant's premises was not one arising from any taking or damaging of the property under the eminent domain provision of our constitution and laws. *Willett v. Seattle,* 96 Wash. 632, 165 Pac. 876. That being established, it is equally certain that the injury constituted a tort, and the resultant damages were damages arising in tort.

The record shows that the flood waters receded within a few hours after the main burst. The removal of the soil supporting the house occurred at the time of the flood, even though the full effect of the damages may not have been ascertained by appellant until later.

Appellant relies largely upon *Doran v. Seattle,* 24 Wash. 182, 64 Pac. 230, 54 A. L. R. 532, 85 Am. St. 948; *Sterrett v. Northport Mining & Smelting Co.,* 30 Wash. 164, 70 Pac. 266; *Brisky v. Leavenworth Logging, Boom & Water Co.,* 68 Wash. 386, 123 Pac.

519; *Marks v. Seattle,* 88 Wash. 61, 152 Pac. 706; and certain cases from other states and England.

The *Doran* case, *supra,* arose out of building a bulkhead in a street, which was held to be a continuing nuisance. The *Marks* case, *supra,* involved the removal of lateral support outside the confines of the owner's property which caused a slide that gradually progressed until it invaded his property. The *Sterrett* case, *supra,* was an action involving the destruction of land by fumes from a smelter, which obviously constituted a continuing nuisance. One case, *Backhouse v. Bonomi,* 1 Best & Smith 970 (England), has been rejected by other courts in this country (*Noonan v. Pardee,* 200 Pa. 474, 50 Atl. 255), and has sometimes been disregarded in England.

We can find no cases from this court exactly in point on this question of when such an action accrues so as to start the running of the statute of limitations as to filing a claim for damages. Some cases relied upon by appellant do not involve that question.

Cases in actions for personal injuries, or for insurance, such as *Fee v. Department of Labor & Industries,* 151 Wash. 337, 275 Pac. 741, where the original injury progressed until it culminated in a final, definite result, are not in point. Such injury arises from one cause of a continuing development and result.

In *Bennett v. Thorne,* 36 Wash. 253, 78 Pac. 936, 68 A. L. R. 113, we said:

"A right of action ordinarily accrues by reason of some wrong, default or delict of the defendant—his infringement of a right of the plaintiff, or a failure in duty he owes to the plaintiff. 'The elements of any cause of action are: (1) A right possessed by the plaintiff; (2) and infringement of such right by the defendant.' 'A right claimed or wrong suffered by the plaintiff, on the one hand, and the duty or delict of the defendant on the other.' [Citing cases.]"

42

In *Collins v. Spokane*, 64 Wash. 153, 116 Pac. 663, it is held that the filing of a claim for damages within the period prescribed by such a charter provision as that above quoted is mandatory.

While we have never directly so held, the *Willett* case, *supra*, apparently inferentially holds that a claim upon a cause of action for damages from the negligent flooding of real estate accrues at the time of the flood or original trespass. That is the effect of the decision in *Kansas Pac. Railway v. Mihlman*, 17 Kans. 224, and also in *Fowlkes v. Nashville & Decatur R. Co.*, 56 Tenn. 829, and *American Exchange National Bank v. Keeley*, 39 S. W. (2d) (Tex. Civ. App.) 929.

One case almost on all fours with this case is found in *National Lead Co. v. New York*, 43 F. (2d) 914, where the circuit court of appeals said:

"There was one act of negligence in laying the main with a faulty pipe section, one consequent breaking of the pipe, and one inflow of water resulting in immediate damage which gave rise to a cause of action that accrued at once. The decisive feature is that that cause of action has been made the basis of this suit against the city and all damage resulting from the one flooding is traceable directly to the one break. The plaintiff had a single right of action for all damage caused by the one act of negligence, and it accrued when the damage began, instead of, as the plaintiff seems to believe, when the damage was completely done. If no right of action accrues when some damage is done, but only when all the damage has been suffered, all a defendant would need to show in defense would be that suit was brought while the plaintiff continued to suffer damage or that future damages would be sustained. On such a theory a defendant would be immune from suit while the harmful effect of its wrongdoing continued. On the contrary, a plaintiff, any especial requirement for notice aside, has the right to sue upon being injured and to recover in one suit whatever damage is done without any new

act of negligence by the defendant, no matter how numerous the items of damage may be or that they do not occur simultaneously. The true test for determining whether one or more than one cause of action accrues, lies not in the number and variety of the items of damage but in whether or not all of the damage was caused by one and the same negligent act. The negligence causing the flooding was the breach of duty which ripened into a cause of action when the damage began. As soon as the negligent cause was counteracted, and this happened when the water was turned off about an hour after the break, the city ceased to violate any duty it owed the plaintiff. It was bound then only to compensate the plaintiff, provided the conditions precedent as to notice required by its charter were fulfilled, for the damage occasioned by its negligence which, though it no longer existed, had not entirely spent its force. All such damage arose from a single tort for which recovery could be had in one action.''

We conclude that the judgment of the trial court is right, and it is affirmed.

MAIN, MITCHELL, BLAKE, and GERAGHTY, JJ., concur.

STEINERT, J. (dissenting)—As I read the evidence in this case, the damage to appellant's property, for which this action was brought, did not occur until July 12, 1933, which was six or seven months after the water main broke. At the time that the actual flooding took place, the damage was considered superficial and trivial. In fact, immediately after the breaking of the water main, the city repaired what then appeared to be the actual damage. It appears, however, that the water had washed away some of the dirt underneath the house, but the effect of this did not become apparent, and was not foreseen, until the land actually subsided, carrying the house with it. As the result of the subsidence, appellant has been actually damaged, as the court found, in the sum of five hun-

dred ninety dollars. The claim was filed within thirty days after the real damage occurred.

Had appellant filed a claim for the amount just mentioned within thirty days after the breaking of the water main, manifestly he could not have recovered, because his damages then were conjectural and not subject to proof. In other words, the damage had not yet occurred. The cause of action, therefore, had not accrued.

" 'The accrual of the cause of action' means the right to institute and maintain a suit; and whenever one person may sue another a cause of action has accrued and the statute begins to run, but not until that time. So, whether at law or in equity, the cause of action arises when and only when the aggrieved party has the right to apply to the proper tribunals for relief. The statute does not attach to a claim for which there is no right of action, and does not run against a right for which there is no corresponding remedy or for which judgment cannot be obtained. The true test therefore to determine when a cause of action has accrued is to ascertain the time when plaintiff could first have maintained his action to a successful result. The fact that he might previously have brought a premature or groundless action is immaterial. The statute of limitation does not require a person to institute proceedings to enforce a right within a time limited, when such proceedings will not conclusively determine such right as to each party." 37 C. J. 810, 811.

This court has held that an action to recover damages for an injury cannot be maintained until the injury actually occurs. *Smith v. Seattle,* 18 Wash. 484, 51 Pac. 1057, 63 Am. St. 910. This is true, even though it may be apparent at the time that injury will inevitably result. *Sterrett v. Northport Mining & Smelting Co.,* 30 Wash. 164, 176, 70 Pac. 266.

When the results of a wrongful act cannot be clearly foreseen, the statute is operative only from the time

that sustainable injury occurs, or when damages are discoverable by due diligence. *Beck v. American Rio Grande Land & Irr. Co.,* 39 S. W. (2d) (Tex. Civ. App.) 640.·

In 1 American Jurisprudence, p. 451, § 60, the rule, in its general application and with its exceptions, is stated as follows:

"In determining whether an action has been prematurely commenced or whether it has been so tardily commenced as to be barred by the Statute of Limitations, it becomes necessary to determine when the cause of action accrued. This is determined by ascertainment of the time when the plaintiff could first have maintained his action to enforce his cause of action. Generally, it may be said that a cause of action accrues at the moment of a wrong, default, or delict by the defendant and the injury of the plaintiff, although the actual damage resulting therefrom may not be discovered until some time afterwards, if the injury, however slight, is complete at the time of the act. Where the invasion of a right (as by the erection of a permanent structure on the land of another), if submitted to on the one hand and persisted in on the other a sufficient length of time, may result in the extinction of the right, a remedy may be sought before actual damage has occurred. *But if an act is not legally injurious until certain consequences occur, it is not the mere doing of the act that gives rise to a cause of action, but the subsequent occurrence of damage or loss as the consequence of the act, and therefore, in such case, no cause of action accrues until the loss or damage occurs."* (Italics mine.)

This case falls squarely within the exception stated in the concluding part of the above quotation. The act of the city was not legally injurious until the consequences appeared, and appellant's cause of action did not accrue until the loss or damage occurred.

I think that the judgment should be reversed.

MILLARD, C. J., concurs with STEINERT, J.

BEALS, J. (dissenting)—While it may be assumed that appellant's property was damaged at the time of the flood, the situation was not then made manifest to appellant, nor did anything then happen which would put a reasonable man upon notice that the foundation of the house had been undermined. Neither does it appear that any reasonable investigation, such as even the exercise of abundant precaution would suggest, would then have disclosed the dangerous situation which later resulted in the damage complained of.

The law gives to certain municipal corporations the very great advantage of what is, in effect, an extremely short statute of limitations. While these statutes must be given every reasonable effect, I cannot agree that they should operate to bar a meritorious claim for damages based upon a situation concerning which the claimant was, in fact, ignorant, which it cannot be held he should have known, and concerning which no reasonable investigation would have disclosed the damage. A claimant must, at his peril, take notice of what the law requires that he know, and make every effort to fully advise himself as to any claim which he may have against a municipal corporation; but, under the circumstances here disclosed, I am convinced that it cannot be held that appellant should have known of the damage before his house actually settled. This being true, he had the statutory period after that date within which to present his claim.

I accordingly dissent from the conclusion reached by the majority.

TOLMAN, J., concurs with BEALS, J.