ELIZA J. ELLIS, APPELLANT, v. CITY OF KEARNEY, APPELLEE.

FILED NOVEMBER 9, 1907. No. 14,874.

Cities: INJURY: NOTICE. The maxim that physical incapacity to perform a duty enjoined by law excuses nonperformance, is not available to extend the time, or afford an opportunity, to fix a statutory liability upon another. *Schmidt v. City of Fremont*, 70 Neb. 577, followed and approved.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed*.

*Hamer & Hamer*, for appellant.

*H. M. Sinclair*, contra.

GOOD, C.

Eliza Ellis brought this action against the city of Kearney to recover for injuries sustained by falling into a hole in one of the streets of said city. A demurrer *ore tenus* was sustained, and judgment rendered for the defendant in the court below. The plaintiff appeals to this court.

The defense relied upon by the defendant was that no. notice in writing of the accident or injury complained of was given, as required by section 39, art. III, ch. 13, Comp. St. 1907. Kearney is a city of the second class having more than 5,000 and less than 25,000 inhabitants,

and section 39, above referred to, is applicable to cities of that class. Said section is as follows: "No city shall be liable for damages arising from defective streets, alleys, sidewalks, public parks or other public places within such city, unless actual notice in writing of the accident or injury complained of, with a statement of the nature and extent thereof, and of the time when and place where the same occurred, shall be proven to have been given to the mayor or city clerk within thirty (30) days after the occurrence of such accident or injury." It will be observed that by the terms of this section cities of the class to which Kearney belongs are not liable for damages arising from defective streets or other public places within the city, unless actual notice in writing of the accident or injury complained of, with a statement of the nature and extent thereof, and of the time and place where the same occurred, is given to the mayor or city clerk within 30 days after the occurrence of the accident or injury. It is conceded that no notice in writing, as required by this statute, was given until nearly three months after the injury was sustained. The plaintiff seeks to avoid the effect of this statute by pleading that she was unconscious for nearly three months after the accident complained of, and is therefore excused from giving the notice in writing within the time prescribed. She also seeks to avoid the statute by alleging that oral notice was given to the mayor within ten days after the accident.

This case is disposed of by the case of *Schmidt v. City of Fremont*, 70 Neb. 577. It was there held: "The maxim that physical incapacity to perform a duty enjoined by law excuses nonperformance, is not available to extend the time, or afford an opportunity to fix a statutory liability upon another." It was expressly decided therein that no recovery could be had against a city of more than 5,000 and less than 25,000 inhabitants for injuries arising from a defective sidewalk, unless the notice required by section 39, *supra*, was given within the prescribed time.

In that case the person injured was a boy ten years of age. The notice in writing was not given until the thirty-seventh day after the accident. It was held that no recovery could be had. See, also, *Swancy v. Gage County*, 64 Neb. 627.

We think the construction placed upon this statute in that case is conclusive of the issues in the case at bar. The plaintiff asks this court to hold that the oral notice would suffice. To do so would be to nullify the statute. It is not the province of the courts to make the law, or read into it exceptions not intended by the lawmakers. It follows that the judgment of the district court is right and should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.