[No. 11287.   Department One.   November 22, 1913.]

Bertha Ransom, *Appellant,* v. The City of South Bend, *Respondent.*[1]

Municipal Corporations—Claims — Presentation — Necessity—Failure to Give Notice—Excuse. Rem. & Bal. Code, § 7998, providing that all claims for damages against any city or town of the second, third or fourth class, must be presented to the council and filed with the city clerk within thirty days after the time when such claim accrued, fixes a mandatory condition precedent to action which is not excused by physical or mental disability rendering performance impossible.

Statutes—Validity—Construction. The policy, expediency and wisdom of an act are legislative and not judicial questions.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered April 9, 1913, upon the pleadings and plaintiff's opening statement, dismissing an action for personal injuries sustained in a fall upon a sidewalk. Affirmed.

*Corliss & Skulason,* for appellant.

*Fred M. Bond, Welsh & Welsh,* and *M. M. Richardson,* for respondent.

Gose, J.—The plaintiff seeks to recover damages for personal injuries resulting from a fall upon a sidewalk upon one of the streets of the defendant, a city of the third class. She alleges that she sustained the injury in consequence of

[1]Reported in 136 Pac. 365.

the defendant's negligence in this: that it permitted an obstruction, consisting of a timber two inches by four inches and about six feet in length, nailed diagonally to the sidewalk, to remain upon the walk for more than a week prior to the date of her injury, without having provided a barrier, light, or other warning to indicate the presence of the danger. She sustained the injury on the 3d day of January, 1910. She presented her claim to the city council and filed it with the city clerk of the defendant city on the 16th day of March following, seventy-three days after the accident happened. She alleges that she was confined to her bed "almost continuously for several months, and was so crippled and disabled both mentally and physically, and suffered such intense pain, that she was wholly unable to attend to the business of having said claim filed and presented" within thirty days after the injury, or until the date of its presentation.

After the jury had been impaneled and sworn, and after counsel for the plaintiff had made his opening statement and introduced his first witness, counsel for the city objected to the introduction of any evidence, (1) because the complaint does not state facts sufficient to constitute a cause of action, and (2) because of the failure of the plaintiff to present her claim within the time prescribed by statute. The court sustained the objection, but gave the plaintiff the privilege of amending her complaint. This she declined to do; whereupon a judgment was entered dismissing the action.

Our statute, Rem. & Bal. Code, § 7998 (P. C. 77 § 57), provides that:

"All claims for damages against any city or town of the second, third or fourth class must be presented to the city or town council and filed with the city or town clerk within thirty days after the time when such claim for damages accrued, . . ."

We have held that the thirty-day limitation in this statute is mandatory; that the statute is clear, definite, and precise in its terms; that a compliance with its provisions is "a con-

dition precedent to the bringing of the action," and that the giving of the notice "in substantial compliance with the statute must be alleged and proven." *Collins v. Spokane*, 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840; *Wolpers v. Spokane*, 66 Wash. 633, 120 Pac. 113; *Benson v. Hoquiam*, 67 Wash. 90, 121 Pac. 58. We have also held that physical or mental incapacity, running through the entire period fixed by a city charter for presenting claims against the city, excuses a compliance with the charter. *Born v. Spokane*, 27 Wash. 719, 68 Pac. 386; *Ehrhardt v. Seattle*, 33 Wash. 664, 74 Pac. 827.

The appellant invites us to apply this rule of interpretation to the statute. This we cannot do without trenching upon powers vested exclusively in a coordinate branch of the state government. When the law-making branch of the government has spoken, the courts may interpret, but cannot add to or take from, the clear and unambiguous meaning of the law. To do so would be legislation rather than interpretation. The policy, expediency, and wisdom of a statute are legislative and not judicial questions. *Point Roberts Fishing Co. v. George & Barker Co.*, 28 Wash. 200, 68 Pac. 438.

In *State v. Carey*, 4 Wash. 424, 30 Pac. 729, addressing itself to this question, the court said:

"Yet, conceding the right of the legislature to legislate upon the subject, the wisdom of the act, its reasonableness or unreasonableness is a question for legislative discretion, and not for judicial determination. Judge Cooley says, in his work on Constitutional Limitations (5th ed., page 201): 'The judiciary can only arrest the execution of a statute when it conflicts with the constitution. It cannot run a race of opinions upon points of right, reason and expediency with the lawmaking power.'"

Courts of other jurisdictions have construed similar statutes, varying slightly in phraseology, in harmony with our construction of this statute. *Schmidt v. Fremont*, 70 Neb. 577, 97 N. W. 830; *Ellis v. Kearney*, 80 Neb. 51, 113

N. W. 803; *McCollum v. South Omaha,* 84 Neb. 413, 121 N. W. 438; *Touhey v. Decatur,* 175 Ind. 98, 93 N. E. 540, 32 L. R. A. (N. S.) 350; *Huntington v. Calais,* 105 Me. 144, 73 Atl. 829; *Daniels v. Racine,* 98 Wis. 649, 74 N. W. 553; *Hay v. Baraboo,* 127 Wis. 1, 105 N. W. 654, 115 Am. St. 977, 3 L. R. A. (N. S.) 84; *Crooker v. Hartford,* 66 Conn. 387, 34 Atl. 98; *Fort Worth v. Shero,* 16 Tex. Civ. App. 487, 41 S. W. 704; *Trost v. Casselton,* 8 N. D. 534, 79 N. W. 1071; *Gribben v. Franklin,* 175 Ind. 500, 94 N. E. 757.

In the *Schmidt, McCollum* and *Ellis* cases, it was held that incapacity, caused by the injury which formed the basis of the suit, did not excuse a failure to give the notice within the time prescribed by the statute. In *Davidson v. Muskegon,* 111 Mich. 454, 69 N. W. 670, and *Winter v. Niagara Falls,* 190 N. Y. 198, 82 N. E. 1101, 123 Am. St. 540, the same rule was applied to infants. In *Morgan v. Des Moines,* 60 Fed. 208, the statute was held a bar to a suit by an infant four years of age who had not complied with the terms of the statute. In the *McCollum* case the court said:

"The effect of the holding is that the legislature may fix a limitation applicable to all, and that exceptions omitted from the statute do not exist."

In the *Ellis* case, the same view is expressed in the following language: "It is not the province of the courts to make the law, or read into it exceptions not intended by the lawmakers." In the *Schmidt* case, the court observed that it had no power to "engraft an exception upon it [the statute] by construction."

The appellant argues that, because we have held that there is a common law liability upon a municipality failing to maintain its highways in reasonably safe condition for travel (*Collins v. Spokane, supra,* and kindred cases), the cases from other jurisdictions, such as Nebraska and Indiana, where the liability of a municipality for defective streets is held to exist only in virtue of the statute, are not directly in point. To the extent that they announce the

rule that courts cannot engraft an exception upon a statute where the statute makes no exception, they announce a correct rule of interpretation.

It is also argued that the statute should be interpreted according to its spirit rather than its letter, citing, among other cases, *Giuricevic v. Tacoma*, 57 Wash. 329, 106 Pac. 908, 28 L. R. A. (N. S.) 533. We there said that, in interpreting a statute, the court should keep in mind "the mischief to be met." The mischief which the statute seeks to avoid is the presentation of claims long after the accident occurred, and at a time when the *opportunity for investigating* the merits of the claim and the claimant may well be presumed to have been lost or much abridged.

The New York courts have held that a failure to serve a preliminary notice required by a legislative charter (within forty-eight hours after the happening of the accident) is not a bar to an action where the injured party was unable to transact business during the time fixed in the charter for the service of the notice. *Walden v. Jamestown*, 178 N. Y. 213, 70 N. E. 466. This holding was rested upon two maxims of the law: (a) "That a thing which is in the letter of a statute is not within the statute itself unless it is within the intention of the statute makers," and (b) that the law does not seek "to compel a man to do that which he cannot possibly perform." These are sound maxims when soundly applied. There is another maxim, however, which we apprehend is even more potent, viz., that the legislature is presumed to have meant what it said. The notice in that case was served seventy-two hours after the accident occurred. The court said that this "was a substantial compliance with the statute."

We feel constrained to adopt the view that the legislature thought it best not to except either incapacity or disability. Affirmed.

Crow, C. J., Main, Ellis, and Chadwick, JJ., concur.