[No. 11955. Department One. June 23, 1914.]

## J. M. Jorguson et al., Appellants, v. The City of Seattle, Respondent.[1]

Municipal Corporations—Claims—Damages—Removal of Lateral Support—Necessity of Claims. Under Seattle city charter, art. 4, § 29, requiring all claims for damages against the city to be filed within thirty days, a claim for damages by the removal of lateral support is a prerequisite to the action, where the city had condemned the right to make the change in grade and to take land sufficient for a one-to-one slope, and paid the compensation, and the damages resulted from the inadequacies of the plan to protect the remaining property from sliding.

Same—Claims for Continuing Damages. A claim for continuing damages to abutting property, by reason of a progressive slide caused by the city's removal of lateral support, is within a charter provision requiring "all claims" for damages against the city to be filed within thirty days after such claim accrues; and Rem. & Bal. Code, §§ 7995 and 7997, making the filing of such claims in the manner required by the city charter a mandatory condition precedent to action, no recovery can be had for damages accruing more than thirty days prior to the filing of the claim.

Same—Continuing Damages—Future Damages — Instructions. A charter provision requiring a claim for all damages against a city to be filed within thirty days after the action accrues, does not oper-

[1]Reported in 141 Pac. 334.

ate as a statute of limitations as to continuing damages, and per-
mits of the recovery of future damages, to the day of trial, but the
jury are properly instructed that there can be no recovery for dam-
ages accruing more than thirty days prior to the filing of the notice.

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered February 20, 1914, upon the
verdict of a jury rendered in favor of the defendant, in an
action in tort. Affirmed.

*Higgins & Hughes* (*Hyman Zettler*, of counsel), for ap-
pellants.

*James E. Bradford* and *Howard M. Findley*, for respond-
ent.

Ellis, J.—This is an action to recover damages caused by
the sliding of the soil of three lots belonging to plaintiffs, by
reason of the regrading of Tenth avenue south, in the city of
Seattle. Two of the lots abut upon Twelfth avenue south and
the other upon Eleventh avenue south. All lie upon the
westerly incline of Beacon Hill. Tenth avenue south, the re-
grading of which necessitated a cut of over fifty feet, is lo-
cated at the foot of the incline. This cut was made at a one
to one slope upon the abutting property which was condemned
for that slope. That slope, from the peculiar character of
the soil throughout this section, was found insufficient to
sustain itself. A continuing slide resulted, affecting the en-
tire locality, including the property fronting on Twelfth
avenue south, and the appellants' lots, two blocks from the
regraded street. This is the same improvement and result-
ant slide which was involved in the case of *Casassa v. Seattle*,
which was twice here on appeal, and is reported in 66 Wash.
146, 119 Pac. 13, and 75 Wash. 367, 134 Pac. 1080. For a
more complete statement of the facts touching the improve-
ment and locality, reference is made to the opinion in the first
*Casassa* appeal.

The regrade of Tenth avenue south was made in 1910.
The evidence in this action tended to show that the slide

started with the lots abutting on that street, and has steadily progressed up the hillside till it has now nearly reached Twelfth avenue on the crest of the hill. The plaintiffs' Twelfth avenue lots were reached by the slide early in January, 1913. The rear portion had commenced to crumble and had dropped down a considerable distance before January 16, 1913. The crumbling was still advancing on these lots at the date of the trial in December, 1913. The sliding of the Eleventh avenue lot occurred in 1912. The evidence tended to show that the damage to all of the lots as affecting their market value had been done prior to January 16, 1913. The plaintiffs were made parties to the condemnation suit by reason of any damage which might result to the lots here in question by the regrade interfering with access thereto, but it is apparent that damages from sliding were neither contemplated nor litigated in that action. On February 15, 1913, the plaintiffs filed their notice of claim for damages by the slide.

In submitting the case to the jury, the court instructed upon the theory that the failure of the city in making the regrade to provide adequate means for preventing the slide constituted negligence for the resultant damages from which the city would be liable, but that the claim was one contemplated by § 29, article 4, of the city charter, requiring the presentation to the city council and filing with the city clerk of all claims for damages against the city within thirty days after the claim accrued, and hence, also, within the purview of the act of 1909, Rem. & Bal. Code, §§ 7995, 7996, and 7997 (P. C. 77 §§133, 135, 137). The court therefore instructed the jury that there could be no recovery for any damages which were sustained prior to January 16, 1913, or more than thirty days prior to the time when the plaintiffs filed their claim. The jury found for the defendant. Judgment was entered accordingly. The plaintiffs appeal, assigning as error the above mentioned instructions.

Three questions are presented: (1) Is the filing of a

claim necessary to the maintenance of an action for damages resulting from the prosecution of a public work where there has been an antecedent condemnation of lands the taking or damaging of which is contemplated by the plan of improvement? (2) Is the filing of a claim necessary in case of progressive injury and continuing damage? (3) If so, is the recovery limited to injuries which accrued within thirty days immediately prior to the filing of the claim?

I.    We have already answered the first question in the affirmative in the second Casassa appeal, 75 Wash. 367, 134 Pac. 1080. That decision, the appellants contend, is not in harmony with our prior decisions in Kincaid v. Seattle, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; Provident Trust Co. v. Spokane, 75 Wash. 217, 134 Pac. 927, and Donofrio v. Seattle, 72 Wash. 178, 129 Pac. 1094. In each of these three cases, the taking or damaging was an indispensable and intentional part of the improvement, necessarily anticipated by the plan, and intended in the performance, of the work. In neither of these cases was there any antecedent condemnation for the right to take or damage. In all of these cases, the taking or damaging fell within the express limitation of the constitution, upon the power of eminent domain, § 16, article 1, inhibiting the taking or damaging of private property for public or private use without just compensation having first been made or paid into court for the owner. This provision has sole reference to such taking or damaging as is contemplated in the exercise of the power of eminent domain. It is a mere limitation upon the otherwise unlimited sovereign power to take or damage private property for public use. State ex rel. Mountain Timber Co. v. Superior Court, 77 Wash. 585, 137 Pac. 994. Without this constitutional limitation, the state could have delegated to the city the power to take or damage private property for public use without compensation, and such a taking or damaging would be no tort, nor have in it any element of tort. The

5—80 WASH.

wrong in such a taking without compensation consists, not in a tortious taking, but in the failure to perform a condition precedent imposed by the constitution upon the exercise of a sovereign right. It is the right of the property owner to insist upon the observance of this antecedent condition alone which, in the foregoing cases, we held protected by this particular provision of the constitution; not every invasion of a property right, when we said in the *Kincaid* case, that "it would violate the constitutional right of the property owner if he were required to initiate his right to compensation by any affirmative act." It was with reference to that right alone that we there said:

"The city is bound to make compensation under a compact no less formal than the constitution itself, and it cannot defeat this constitutional right by a charter provision or an ordinance, nor can the legislature take it away by any arbitrary requirement, although we may admit that it could, as in all other cases, fix a time within which an action must be brought to recover damages that have not been first ascertained and paid."

The true basis of the decision, and the sum of our holding in the *Kincaid* case, is clearly stated early in the opinion as follows:

"Whatever its method, the city has taken respondent's property for a public use in virtue of its sovereignty, and subject only to the limitations to be found in the constitution. When taking private property for a public use, the state acts in its sovereign capacity. *Gasaway v. Seattle*, 52 Wash. 444, 100 Pac. 991, 21 L. R. A (N. S.) 68; *Samish River Boom Co. v. Union Boom Co.*, 32 Wash. 586, 73 Pac. 670. It goes not as a trespasser, inspired by selfish or unlawful motive, but as one taking without malice or intent to do wrong and presumptively for the public good. It cannot put on the cloak of a tort feasor under the statute if it would. It cannot plead a wilful wrong to defeat a just claim."

The above mentioned provision of the constitution was never intended to apply to consequential or resultant damages not anticipated in, nor a part of, the plan of a public work.

It was never intended to apply to damages resulting to private property from the negligent or wrongful use of public property. As to such damages, tortious in their very inception, the injured person is remitted to his remedy on the case, as in other cases of tortious taking or injury. For example: Suppose, in the prosecution of an improvement, the city unnecessarily and negligently temporarily obstructs the ingress, or egress, or the access of light and air to private property neither taken nor in any manner required in the prosecution of the work. It is obvious that this would be an invasion of a property right, but not a taking or damaging within the meaning of the constitutional limitation upon the power of eminent domain. It would be a tort, pure and simple, for which an action for damages would lie independently of the constitutional limitation. Again, suppose the city, in improving a street or a city park, set off a blast which cast stones upon private property, littering the lawn or injuring the buildings. This would be also a simple tort, and nothing else, for which an action would lie and be protected by the due process clause of the constitution, even were § 16 of article 1 eliminated from that instrument. Of course, in the broad sense, the constitution, by the due process clause, protects every property right from tortious invasion, but that clause must not be confounded with the clause above mentioned, which is intended only as a limitation upon the otherwise unlimited sovereign power of eminent domain, not as extending an additional guaranty as against negligence or tortious wrongs or ordinary breaches of contract by municipal corporations. Herein lies the distinction between the *Kincaid* case and the *Casassa* case. If it is lawful for the city, through its charter, or for the legislature, by statute, to require the filing of a claim as a condition to the maintenance of an action against the city for any tortious injury, then it follows, of necessity, that such a claim may be required in a case like that here presented, since both are protected only by the due process clause of the constitution,

and the requirement of such a claim, if reasonable in time, is not a denial of due process of law. The writer of this opinion believes that this answers the dissent of Judge Gose from the original opinion in the *Kincaid* case (74 Wash. 627, 134 Pac. 504), where it is said, "If it [the action] sounds in tort, the statute governs; if it is upon contract, it is controlled by the city charter." That, of course, is true, but where the taking or damaging is contemplated by the plan of the work and is a necessary incident to the making of the public improvement, then the owner's action, strictly speaking, rests neither in tort nor contract. It is merely a mode of supplying the lack of performance by the city itself of a condition precedent by a subsequent action at the instance of the owner. The compensation recovered in such an action is no more damage for tort or breach of contract than it would have been if awarded in an antecedent action. As pointed out in the *Kincaid* case and the *Casassa* case, the sum of the distinction lies in the fact that, where there is a taking or damaging of property, the use of which is contemplated in the plan of the improvement, that taking is not tortious.

These considerations make it plain that this case is controlled by our decision in the second *Casassa* case, 75 Wash. 367, 134 Pac. 1080. In that case, the injury for which the claim was filed and for which the suit was brought was caused by the incipient stages of the same slide as that here involved. The trial court excluded evidence of an item of damages because that item was not specified in the claim filed with the city as required by § 29, article 4, of the city charter. Holding this no error, we said:

"For the full text of this charter provision and the character of claims which have been held to be included within its purview, reference is made to the following decisions: *Jurey v. Seattle*, 50 Wash. 272, 97 Pac. 107; *International Contract Co. v. Seattle*, 69 Wash. 390, 125 Pac. 152; *Id.*, 74 Wash. 662, 134 Pac. 502; *Cole v. Seattle*, 64 Wash. 1, 116 Pac. 257, Ann. Cas. 1913 A. 344, 34 L. R. A. (N. S.)

1166.   Under these decisions, the presentation and filing of the claim was an indispensable prerequisite to the maintenance of this action.   They unequivocally hold that the charter provision applies to all claims for damages.   This view does not impinge our decision in the recent case of *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820, in which we held that, where property was taken or damaged without any antecedent condemnation, it was none the less a taking in the exercise of a sovereign function, hence not tortious.   For that reason, we held that the city could not impute to its own lawful act a tortious character in order to avoid liability by pleading the failure of the plaintiff to present and file a claim pursuant to the charter as a defense to the plaintiffs' action to assess the damages for such lawful taking which should have been assessed in advance.   On that ground, we held that to require the presentation of the claim as a prerequisite to the action in such a case would violate § 16, art. 1 of the state constitution, providing that property shall not be taken for public use without compensation."

The foregoing quotation is a mere paraphrase of the language last above quoted from the *Kincaid* case.   It was before this court *En Banc* on the rehearing of the *Kincaid* case.   That the opinion in the *Casassa* case correctly pointed out the true basis and scope of the decision in the *Kincaid* case, as the court *En Banc* then conceived, is manifested by its citation in the opinion on rehearing in the *Kincaid* case, 74 Wash. 628, 135 Pac. 820, without adverse comment.   Considered in its relation to the original opinion and its subject-matter, nothing said in the opinion on rehearing can be construed as extending the doctrine of the *Kincaid* case to purely tortious injuries to private property occasioned by the prosecution of a public work.   It may sometimes be thought that we too laboriously explain reasonably clear distinctions.   The failure of able counsel to grasp the distinction briefly pointed out in the second *Casassa* opinion, which they now vigorously assail, seems to justify the more laborious course.

II.   Is the filing of a claim necessary in case of progressive injury and continuing damages?   This question must

also be answered in the affirmative. The city charter, article 4, § 29, provides that "all claims for damages against the city must be presented to the city council and filed with the city clerk within 30 days after the time when such claim for damages accrued, etc." The statute, Rem. & Bal. Code, § 7995 (P. C. 77 § 133), provides that whenever a claim for damages sounding in tort against any city of the first class is filed in compliance with a valid charter provision of such city, the claim must contain, in addition to the charter requirements, a statement of the residence of the claimant by street and number at the time of filing such claim, and for six months prior to the accrual of the claim for damages, and § 7997 (P. C. 77 § 137) declares that compliance with the provisions of the act is mandatory. It will be noted that neither the charter provision nor the statute, which was evidently passed in aid of such charter provisions, makes any exception of claims for continuing damages. The charter provision says "all claims." The statute applies to all valid charter provisions. As stated in our most recent utterance upon the subject, *Hall v. Spokane*, 79 Wash. 303, 140 Pac. 348:

"These statutes are so plain and unequivocal that they leave no room for construction. They require a compliance with both the statute and the charter."

In *Ransom v. South Bend*, 76 Wash. 396, 136 Pac. 365, upon a careful review of our own decisions and decisions from other jurisdictions, we felt ourselves compelled, by the express terms of the statute, to hold the filing of the claim therein provided for an indispensable prerequisite to the maintenance of an action, quoting the following language from *Ellis v. Kearney*, 80 Neb. 51, 113 N. W. 803: "It is not the province of the courts to make the law or read into it exceptions not intended by the lawmakers." There is nothing more unreasonable in the requirement of a claim in case of continuing or progressive damages than in other cases. Within thirty days after the commencement of a pro-

gressive injury, a plaintiff is just as able to file a claim for the damages already incurred and those likely to ensue as he will ever be. As remarked in *Hieber v. Spokane*, 73 Wash. 122, 131 Pac. 478, a notice reciting a claim for continuing damages sufficiently complies with both charter and statutory provisions as to subsequent damages, provided it is sufficient in other particulars. That a claim is necessary in case of continuing damage, we also held in *Connor v. Seattle*, 76 Wash. 37, 135 Pac. 617. While it is true that no claim is necessary as a condition precedent to the maintenance of an action to restrain a continuing trespass in the nature of nuisance (*Kiser v. Douglas County*, 70 Wash. 242, 126 Pac. 622), the reason is that both statute and charter provisions contemplate only claims for damages, and not equitable actions to restrain continuing nuisances. There is a reason why neither statute nor charter provision makes an exception to the requirement of notice in case of continuing damages. The public, which must eventually pay the damages, is entitled to timely notice that damages have commenced and are likely to continue, so that the public agents, the officers of the city, may take the necessary steps to stop the progress of the injury and minimize the consequent damages. The reasons for notice are as cogent in case of continuing damages as in other cases. Neither statute nor charter having made an exception as to such damages, this court has no power to engraft an exception upon them by construction. *Ransom v. South Bend*, 76 Wash. 396, 136 Pac. 365. Their application to continuing damages being in no sense unreasonable, we are constrained to hold that both the statute and the charter make the filing of the claim in such cases mandatory.

III.   We find no error in the court's instruction that the plaintiff could not recover for any damages sustained prior to January 16, 1913, or more than thirty days prior to the filing of the claim. The appellants contend that the effect of this ruling was to make the claim provision a thirty-day statute of limitations for damages accruing from a continuing

injury. As already indicated, a claim of damages is sufficient to cover a continuing injury, and meets both the letter and spirit of the statute as to future injuries if it points out the continuing injury, and lays claim to the continuing damages. As to future damages, such a claim effects the full purpose of the statute in that it gives notice. As to past damages, it has no such effect. It gives no notice to the city in time to enable it to arrest the progress of the injury or take any steps looking to a minimization of the damages, which is the prime purpose of the notice as applied to injuries of this character. The claim that this construction operates as a special statute of limitations is more apparent than real. It merely imposes, as an additional condition to the maintenance of the action, the giving of notice of the claim for damages. That notice being given, the right of action is still governed by the appropriate statute of limitations. The only restraint upon the city in its power to require notice is that the requirement be reasonable and that it shall not infringe the constitutional guaranty of due process of law. The limitation of the recovery, even in cases of continuing injury, as to damages accruing prior to the filing of the claim to the period of thirty days, is as reasonable and necessary in cases of continuing injury as in other cases.

The requirement of reasonable notice is not subject to the ban of the due process clause of the constitution. We find nothing in the case of *Doran v. Seattle*, 24 Wash. 182, 64 Pac. 230, 85 Am. St. 948, 54 L. R. A. 532, militating against this view. That case merely holds that the injured party may recover damages for continuing injury as often as he brings action therefor, and is not confined by the statute of limitations to two years after the initial damage is sustained. The case has no direct relation to the question here involved. Construing the charter provision as applicable to all claims for damages and the statute as making the filing of the claim mandatory, as we do, it is manifest that the plaintiffs were only entitled to recover such damages as they were able to

show they had suffered from the 16th day of January, 1913, up to, and including, the date of trial. The court, in effect, so instructed the jury. The jury must have found upon these instructions that no damages had been suffered since that time. There was evidence to support the finding. There being no error in the instructions, we cannot disturb the verdict.

The judgment is affirmed.

CROW, C. J., MAIN, GOSE, and CHADWICK, JJ., concur.