Appeal from Third District

# HURLEY v. TOWN OF BINGHAM.

No. 4141.   Decided July 10, 1924.   (228 Utah 213.)

1. EVIDENCE—COMMON KNOWLEDGE THAT UNKNOWN CONDITIONS MAY DEVELOP FROM AN INJURY. It is a matter of common knowledge that conditions may develop in consequence of an injury that are unknown and not even conjectured at time injury occurred.

2. MUNICIPAL CORPORATIONS—TIMELY PRESENTATION OF CLAIM CONDITION PRECEDENT TO ACTION. In an action for injuries against a municipality, presentation of claim within the time fixed by Comp. Laws 1917, §§ 816, 817, is a condition precedent, though the injured person is an infant, as the action is purely statutory.[1]

3. MUNICIPAL CORPORATIONS—OBJECTION TO CLAIM HELD NOT WAIVED. Municipality did not, by passing upon claim for injuries after time to present claim had expired under Comp. Laws 1917, § 816, 817, waive objection that claim was not presented in time, where it denied such claim and gave notice thereof to claimant.

4. MUNICIPAL CORPORATIONS—GENERAL STATUTE OF LIMITATIONS INAPPLICABLE TO ACTION AGAINST MUNICIPALITY FOR INJURIES. Comp. Laws 1917, § 6480, relating to legal disability which prevents running of statute of limitations is inapplicable to minor's action against municipality for injuries; sections 816 and 817 requiring claim, furnishing a special statute of limitations applicable to such action.

Appeal from District Court, Third District, Salt Lake County; *Wm. M. McCrea*, Judge.

Action by Gerald Hurley, a minor, by Gerald P. Hurley, his guardian ad litem, against the Town of Bingham. From a judgment of dismissal, plaintiff appeals.

See 23 C. J. § 1810; 28 Cyc. pp. 1449, 1450, 1452.

[1] *Connor* v. *Salt Lake City*, 28 Utah, 249, 78 Pac. 479; *Mackey* v. *Salt Lake City*, 29 Utah, 247, 81 Pac. 81, 4 Ann. Cas. 824; *Bowman* v. *Ogden City*, 33 Utah, 222, 93 Pac. 561; *Brown* v. *Salt Lake City*, 43 Utah, 306, 134 Pac. 570, 14 L. R. A. (N. S.) 619, 126 Am. St. Rep. 828, 14 Ann. Cas. 1004; *Sweet* v. *Salt Lake City*, 43 Utah, 306, 134 Pac. 1167; *Dahl* v. *Salt Lake City*, 45 Utah, 544, 147 Pac. 622; *Berger* v. *Salt Lake City*, 56 Utah, 403, 191 Pac. 233, 13 A. L. R. 5.

AFFIRMED.

*Marioneaux, King & Schulder,* of Salt Lake City, for appellant.

*Straup & Nibley,* of Salt Lake City, for respondent.

THURMAN, J.

Plaintiff, a minor 8 years of age, was injured by an obstruction while coasting on one of the streets of defendant. This action was brought by his guardian ad litem to recover damages for the injury. The complaint charges the defendant with negligence in permitting the obstruction to remain in the street. The complaint failed to allege that the claim was presented to the defendant as required by the statute. Comp. Laws Utah 1917, §§ 816 and 817. Defendant demurred to the complaint, and the trial court sustained the demurrer. Judgment was entered dismissing the action, from which judgment plaintiff prosecutes this appeal.

The statutes referred to, so far as material here, read as follows:

Sec. 816. "Every claim against an incorporated city or town for damages or injury alleged to have been caused by the defective, unsafe, dangerous, or obstructed condition of any street, alley, crosswalk, sidewalk, culvert, or bridge of such city or town, or from the negligence of the city or town authorities in respect to any such street, alley, crosswalk, sidewalk, culvert, or bridge shall within thirty days after the happening of such injury or damage, be presented to the city council of such city, or board of trustees of such town, in, writing, signed by the claimant or by some person by claimant authorized to sign the same, and properly verified, stating the particular time at which the injury happened, and designating and describing the particular place in which it occurred, and also particularly describing the cause and circumstances of the said injury or damages, and stating, if known to claimant, the name of the person, firm, or corporation, who created, brought about, or maintained the defect, obstruction, or condition causing such accident or injury, and also stating the nature and probable extent of such injury, and the amount of damages claimed on account of the same; such notice shall be sufficient in the particu-

lars above specified to enable the officers of such city or town to find the place and cause of such injury from the description thereof given in the notice itself without extraneous inquiry, and no action shall be maintained against any city or town for damages, or injury to person or property, unless it appears that the claim for which the action was brought was presented as aforesaid to the city council, or the board of trustees of the town, and that such council or board did not within ninety days thereafter audit and allow the same. * * *"

Sec. 817. "It shall be a sufficient bar and answer to any action or proceeding against a city or town, in any court, for the collection of any claim mentioned in section 816, that such claims had not been presented to the city council of such city, or to the board of trustees of such town, in the manner and within the time in section 816 specified. * * *"

The statutes above quoted and previous statutes relating to the same subject during the last quarter of a century have been controlling factors in numerous decisions by this court. *Connor* v. *Salt Lake City,* 28 Utah, 249, 78 Pac. 479; *Mackey* v. *Salt Lake City,* 29 Utah, 247, 81 Pac. 81, 4 Ann. Cas. 824; *Bowman* v. *Ogden City,* 33 Utah, 196, 93 Pac. 561; *Brown* v. *Salt Lake City,* 33 Utah, 222, 93 Pac. 570, 14 L. R. A. (N. S.) 619, 126 Am. St. Rep. 828, 14 Ann. Cas. 1004; *Sweet* v. *Salt Lake City,* 43 Utah, 306, 134 Pac. 1167; *Dahl* v. *Salt Lake City,* 45 Utah, 544, 147 Pac. 622; *Berger* v. *Salt Lake City,* 56 Utah, 403, 191 Pac. 233, 13 A. L. R. 5.

As far as the writer is advised, this is the first case before the court in which there was a total absence of any attempt to comply with the provisions of the statute, except the case of *Brown* v. *Salt Lake City,* supra, in which case the accident resulted in death. The court held that the statute did not apply. The third paragraph of the syllabus reflects the opinion:

"The statute providing that claims against a municipality for damages arising from a defective street or sidewalk, or through the negligence of the municipality in respect to any street or sidewalk, shall be presented within a specified time after the happening of such injury or damage, etc., does not include damages for negligent death."

The instant case is also distinguished from the previous cases referred to, in that here the suit is by a minor claiming

that an exception should be read into the statute, not only because of his infancy, but, as alleged in the complaint, because "the said injury to his skull has caused the plaintiff's mind and memory to be seriously impaired and weakened." Appellant's counsel contend that the statute is not mandatory but should receive a reasonable interpretation; that the maxim, "the law does not seek to compel a man to do that which he cannot possibly perform," is the rule that should be applied.

Appellant also relies on *Bowman* v. *Ogden City*, supra, in which case the plaintiff sent a written communication to the city relating to his injury. The communication was unverified, but it described the accident, the cause thereof, and the nature of his injury. The communication was in the nature of a demand. The city acted upon the claim and allowed an amount for lost time which was accepted. Payment for the injury was refused and plaintiff sued for damages and obtained judgment. On appeal the contention was made by appellant that the notice of the injury was insufficient under the statute. This court, in disposing of the question, held that the city by its conduct had waived the defect in the notice but that the circumstances showed an accord and satisfaction, and that verdict should have been directed for the city. Appellant relies on the Bowman Case as holding that the statute was not mandatory but subject to a reasonable interpretation according to the circumstances of the case. We are of opinion that the case is far from holding that the statute is not mandatory. Waiver or estoppel may be found in the face of a mandatory statute. For instance, statutes of limitation ordinarily are mandatory both in form and effect. Nevertheless, they may be waived or the party may be estopped from relying upon them. 17 R. C. L. p. 887.

Appellant also relies on the case of *Brown* v. *Salt Lake City*, supra, principally because of the following language employed by the court on page 233 of the report (33 Utah [93 'Pac. 573]) :

"The statute must receive a reasonable construction, and such as will make it possible to present a claim."

This language had reference to the point made by the court that the death of a person from an injury might not occur until after the statutory time for presenting a claim had fully expired. The point was made for the purpose of showing that the statute was not intended to apply to injuries resulting in death. We quote from the same opinion on page 232 (93 Pac. 573) an excerpt far more appropriate to the instant case:

"It has been frequently held, that under statutes similar to the foregoing, the presentation of claims falling within the provisions of such statutes is a condition precedent, and unless presented no recovery can be had. We have no disposition to modify the rule so announced, or depart from it."

The next case relied on by appellant and quoted from at considerable length is that of *Sweet* v. *Salt Lake City*, supra. That case merely holds that a person injured may recover damages in excess of those specified in the claim presented by him if they are the necessary and proximate consequence of the injury described in the claim presented. The court in that case, however, found that the excess damages claimed were not the necessary and proximate consequences of the injury described in the claim presented, and for that reason held that such damage could not be recovered.

The rule permitting a person to recover damages in excess of those described in the claim presented under the limitations mentioned in the *Sweet Case* is both wholesome and just. It is matter of common knowledge that conditions may develop in consequence of an injury that are not known or even conjectured at the time the injury occurred. It would be a harsh rule indeed which would preclude a person who in good faith had attempted to comply with the statute from obtaining relief simply because at the time of presenting his claim he was not fully informed as to the extent of his injury. In such a case some latitude should be allowed by the court in allowing the excess demand. *Berger* v. *Salt Lake City*, supra. After all, as we conceive the purpose of the law, when the injured party has presented his claim stating the time, place, cause, and circumstances of his injury and the extent of his damages as far as known to

him, he has fairly and fully complied with the spirit and intent of the statute. But this is far from excusing the failure to present any claim at all within the limit fixed by law. There is a wide distinction between presenting a defective claim which at least names the time, place, and circumstances of the injury and in presenting no claim at all. In the first supposed case the municipality is at least notified sufficiently to investigate the merits of the claim, which, evidently, is the main purpose of the statute. In the second supposed case the city receives no notice at all, and the very purpose of the statute is defeated. By this we do not mean, however, that, if the municipality has notice otherwise than by presenting a claim, presentation of the claim is thereby rendered unnecessary or immaterial. By the great weight of authority, as we read and interpret the adjudicated cases, the presentation of a claim within the time fixed by law is a condition precedent to the bringing of an action in cases of this kind. The right to institute an action in this class of cases is purely statutory. It did not exist at common law, and therefore the conditions precedent fixed by the statute which confers the right must be complied with, or the action fails. *Berger* v. *Salt Lake City*, supra.

Appellant, on the authority of the *Bowman Case*, contends that the defendant waived the objection that the claim was not presented because it is alleged in the complaint that the "defendant at a lawful meeting of its trustees considered and denied said minor's claim for damages and thereupon gave notice of said denial to the said deponent, the father of said minor." This contention is somewhat novel. Because defendant by its trustees formally passed upon a claim presented after the time expired and denied it, perhaps for the very reason that it was not presented in time; therefore it is contended that defendant waived its right to object that the claim was not presented in time. The logic of such contention is beyond the writer's limited powers of comprehension.

The last Utah case to which appellant calls our attention is the case of *Berger* v. *Salt Lake City*, supra, the most recent

case relating to the question under review. That case follows the doctrine enunciated in the *Sweet Case* to the effect that damages in excess of those stated in the claim presented may be sued for and recovered under the conditions set forth in the opinion. These conditions we have already discussed in our review of the *Sweet Case,* supra, and further comment is not required.

Appellant also relies on Comp. Laws Utah 1917, § 6480, relating to legal disability which prevents the running of statutes of limitation, in which is included persons within the age of majority.

Appellant insists that the Legislature must have had in mind section 6480, supra, when it enacted sections 816 and 817 hereinbefore quoted. No logical reason is given for such contention. If the Legislature, when it enacted section 816, had entirely omitted section 817, it might with some reason be inferred that it intended the general statutes of limitations, together with the exceptions mentioned in section 6480, to apply. But the Legislature went further. It enacted section 817 and thereby enacted a special statute of limitation to apply solely to the matter referred to in section 816. It enacted section 817, and made no exceptions whatever, either on account of age or mental or physical infirmity, and, as before stated, as the right to any damages at all is purely statutory, it can only be availed of when there has been a reasonable effort to comply with the conditions upon which the right is conferred.

As illustrating appellant's position that the statute in question, though mandatory in form, should receive a reasonable interpretation, his counsel cite the following cases which, it is admitted, support their contention. *McDonald* v. *City of Spring Valley,* 285 Ill. 52, 120 N. E. 476, 2 A. L. R. 1359; *City of Tulsa* v. *Wells,* 79 Okl. 39, 191 Pac. 186; *Walden* v. *Jamestown,* 178 N. Y. 218, 70 N. E. 466; *Murphy* v. *Village of Ft. Edward,* 213 N. Y. 397, 107 N. E. 716, Ann. Cas. 1916C, 1040.

The Illinois and New York cases above cited appear to have been decided upon one of Broom's legal maxims, "the law

does not seek to compel a man to do that which he cannot possibly perform.'' We are unable to say upon what rule or theory the Oklahoma case was decided. The opinion does not inform us. The cases clearly uphold appellant's contention, but, in doing so, they fly in the face of a positive statute, the meaning and intent of which are plain, unequivocal, and unambiguous. We have serious doubt as to the power of this court to hold that the maxim referred to is higher authority than a solemn act of the Legislature, even if it be conceded that the maxim was intended to apply to a case of this kind. Besides this, the primary purpose of the statute, which evidently was to give reasonable notice to the municipality of the time, place, and circumstances of the injury, would be defeated in many instances if the maxim relied on could be applied to this class of cases. While having the most profound regard for judicial decisions emanating from the courts of sister states, we are, nevertheless, strongly impressed with the view that the cases last cited and relied on by appellant are cases of judicial legislation pure and simple. They are cases in which either infancy or mental infirmity, or both, are relied on as an excuse for not complying with the statute. It is not necessary to review them in detail. It is sufficient to say they are in point in support of appellant's position.

Appellant also cites *Born* v. *City of Spokane*, 27 Wash. 719, 68 Pac. 386. In that case, however, the city charter, after providing that claims must be filed with the city within a certain time, also provided that if it be impossible for the claimant, owing to either a physical or mental disability, to make his claim within the time prescribed, literal compliance as to the time limitation will not be required. The plaintiff alleged inability as the result of the injury, and tendered that as his excuse for not presenting his claim on time. The judgment for plaintiff was affirmed. We have no such statute in this state, and for that reason the case has no application here.

*Hartsell* v. *City of Asheville*, 166 N. C. 633, 82 S. E. 946, is also relied on by appellant. That case also was controlled by

a statute different from any we have in this state; hence the case is not authority for the case at bar.

Appellant cites numerous other cases not necessary to review, for the reason that they are controlled by statutes different from ours which clearly justify the decisions referred to.   Among the authorities cited by appellant is 17 R. C. L. at page 1043.   We quote an excerpt from the page referred to which tersely states what we believe to be the correct rule:

"It is provided by statutes in some of the states in which a notice within a limited period is a prerequisite to an action against a municipal corporation that in case of physical or mental incapacity to give notice during that period it may be given within a designated time after the incapacity is removed, but if there is no such proviso in the statute, it is held by the weight of authority that the court cannot supply it,. and is without jurisdiction to entertain an action for an injury of the specified character when no notice has been given within the specified time, however good the excuse for delay."

The same page, however, refers to *Murphy* v. *Village of Ft. Edward*, supra, which, as before stated, supports appellant's contention.

The doctrine enunciated in the quotation from R. C. L. supra, is sustained by practically all of the authorities cited by respondent.  *Peoples* v. *Valparaiso*, 178 Ind. 673, 100 N. E. 70; *Touhey* v. *Decatur*, 175 Ind. 98, 93 N. E. 540, 32 L. R. A. (N. S.) 350; *Ransom* v. *City of South Bend*, 76 Wash. 396, 136 Pac. 365; and cases cited in the opinion; *Baker* v. *Town of Manitou* (C. C. A.) 277 Fed. 232; *Shreve* v. *Cheesman*, 69 Fed. 789, 16 C. C. A. 413; *Morgan* v. *City of Des Moines*, 60 Fed. 208, 8 C. C. A. 569; *Dechant* v. *City of Hays*, 112 Kan. 729, 212 Pac. 682; 28 Cyc. 450; *Davidson* v. *Muskegon*, 117 Mich. 454, 69 N. W. 670; *McCollum* v. *South Omaha*, 84 Neb. 413, 121 N. W. 438; *Ellis* v. *Kearney*, 80 Neb. 51, 113 N. W. 803; *Sollenbarger* v. *Lineville*, 141 Iowa, 203, 119 N. W. 618, 18 Ann. Cas. 991; *Hay* v. *Baraboo*, 127 Wis. 1, 105 N. W. 654, 3 L. R. A. (N. S.) 84, 115 Am. St. Rep. 977.

It would unduly lengthen this opinion, which is already longer than intended, to undertake a detailed review of the cases cited by respondent.  It is sufficient to say that they clearly support the contention of respondent that the statute

is mandatory and is binding upon infants and persons mentally or physically infirm as well as upon adults not so afflicted. A brief excerpt from one of the decisions will illustrate the extent to which many of the cases have gone in passing upon the question here involved. In *Dechant* v. *City of Hays*, supra, the plaintiff, an infant 9 years of age, to satisfy his curiosity, took hold of a guy wire connected with an electric plant and received a severe shock resulting in serious injury. His physical and mental condition was thereby affected. The complaint showed that within 30 minutes after the injury the city manager learned of the accident and visited the plaintiff to ascertain his condition and the cause of his injury, that he became fully informed concerning the facts, and within 3 months thereafter the plaintiff and his father appeared before the city commission, where the matter of his injuries and the cause thereof were discussed to ascertain whether or not an operation could be performed that would restore plaintiff's physical condition. It was further alleged that the city employed a physician to examine plaintiff; that he did examine him, for which service the city paid the physician's fee; that the injury occurred October 21, 1920, and on April 21, 1921, a guardian having been appointed, a written statement was filed with the city clerk giving the time, place, and circumstances relating to the injury. The statute required a statement in writing to be filed within 4 months from the date when the injury occurred. Defendant demurred to the complaint, and the demurrer was sustained for the reason that the complaint did not show that the statute had been complied with. Judgment was entered for defendant, and plaintiff appealed. After stating the facts and quoting the statute, the Supreme Court, in its opinion, says:

"Appellant contends that the statute, properly construed, does not apply to a minor of the tender years and in the physical and mental condition that the appellant is alleged to have been during the time in question. It will be noted that the statute makes no exceptions as to minors, and for this court to write into the plain, unambiguous words of the statute an exception, in so far as it pertains to minors, or in so far as it pertains to persons in the physical or mental condition described in the petition, would be to constitute the court, a lawmaking power instead of a law-interpreting body.

Our legislature has, in a number of instances, embodied provisions or exceptions in statutes pertaining to minors, and the fact that the lawmaking body did not do so in this statute, in view of what appears to be the disposition of the Legislature to make those exceptions where they desire, would confirm the idea that the Legislature did not intend any exceptions of this character in this statute."

The language quoted is typical of expressions generally employed by the courts in the casts last cited. They not only constitute the overwhelming weight of authority, but, in the opinion of the writer, they are more consonant with reason and the purpose of the statute which peremptorily requires that the claim be presented as therein provided. As frequently suggested in the decisions referred to, there being no exception in the statute itself, it is the duty of the courts to interpret the law as they find it and not resort to judicial legislation, and thereby probably defeat the manifest purpose of the law.

The demurrer to the complaint was properly sustained. Judgment affirmed at appellant's cost.

WEBER, C. J., and GIDEON, CHERRY, and FRICK, JJ., concur.