IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| TRAVIS T. REINER, | ) | No. 80618-1-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LEGISLATIVE SEAT OF THE SNOHOMISH COUNTY CLERK, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

HAZELRIGG, J. — Travis Reiner was the victim of a crime in 1992 that resulted in an order directing the offender to pay him restitution. The Snohomish County Clerk's Office processed restitution payments and disbursed them to Reiner until November 2018, when it determined that the court no longer had jurisdiction over the offender for purposes of restitution. Reiner sued, alleging that it was improper for the County to stop collecting and disbursing the restitution payments. Reiner seeks reversal of an order granting summary judgment for Snohomish County. Because the court's jurisdiction over the offender for purposes of restitution expired in 2013 and Reiner has not shown that there were documents missing from the criminal case file that would affect the outcome of the litigation, there was no dispute of material fact and Snohomish County was entitled to judgment as a matter of law. We affirm.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

FACTS

On February 7, 1992, Travis Reiner was involved in a car accident with Gregory Child. Child was charged with vehicular assault. He entered into a plea agreement with the State that required him to pay restitution to Reiner. Child was sentenced to three months of confinement and ordered to pay restitution to Reiner and two insurance companies.

Reiner also filed a civil suit against Child. Two years after the accident, the parties to the civil suit entered into a stipulation for agreed partial summary judgment. The parties agreed that Reiner would obtain a judgment against Child in the principal amount of $120,000, plus $235 in attorney fees and costs. The stipulation provided that Child would make monthly payments to Reiner in the amount of $250, subject to adjustment under certain conditions. The stipulation also provided that Reiner "shall take no action to execute upon the judgment" so long as he was receiving timely payments. The document made no mention of the restitution order in the criminal case.

The superior court then entered a supplementary stipulated order in the criminal case amending the restitution order "to reflect restitution to Travis T. Reiner in accordance with the Stipulation and Agreed Partial Summary Judgment" in the civil case. The order stated that Child should make payments as provided in the stipulated judgment into the registry of the Snohomish County Superior Court under the criminal cause number. The Clerk of the Court would then disburse the payments to Reiner.

The court later entered another stipulated order clarifying that only a portion of the civil judgment could be collected as restitution. The parties stipulated that $60,000 of the principal judgment amount reflected Reiner's damages for economic loss and disfigurement. Child's payments into the court registry would be applied as restitution for these damages. The parties agreed that the other half of the principal judgment amount reflected Reiner's damages for pain and suffering, which could not be collected as criminal restitution. See RCW 9.94A.753(3) ("Restitution shall not include reimbursement for damages for mental anguish, pain and suffering, or other intangible losses . . . ."). The court specified in its order that "[t]he balance for pain and suffering shall not be collected as restitution in this case." On June 17, 2003, the court entered an order extending its jurisdiction to collect restitution to July 1, 2013.

The Snohomish County Clerk's Office received payments from Child and disbursed restitution to Reiner until November 2018. That month, Child twice attempted to make payments, but the Clerk's Office rejected the payments for expired jurisdiction. On January 14, 2019, the Clerk's Office filed a Satisfaction of Judgment and Notice of Account Receivable Write Off.

Reiner filed suit pro se against the "Legislative Seat of the Snohomish County Clerk," alleging that he was entitled to damages because the Clerk's Office had improperly stopped collecting restitution payments on his behalf. Snohomish County moved for summary judgment or judgment on the pleadings, arguing that it was entitled to judgment as a matter of law because the Clerk no longer had

jurisdiction to collect restitution payments. The court granted summary judgment for the County and dismissed the case with prejudice.[1] Reiner appealed.

## ANALYSIS

Reiner contends that the court erred in granting summary judgment for Snohomish County. He argues that documents missing from the case file and uncertainty over the date that the court lost jurisdiction over the criminal case created genuine issues of material fact.

We review orders on summary judgment de novo, engaging in the same inquiry as the trial court. Afoa v. Port of Seattle, 176 Wn.2d 460, 466, 296 P.3d 800 (2013). Because we stand in the same position as the trial court, we may consider only the evidence and arguments that were before the trial court when it made its decision. Am. Universal Ins. Co. v. Ranson, 59 Wn.2d 811, 815, 370 P.2d 867 (1962). Summary judgment is appropriate only if there is no genuine issue of material fact and the party who filed the motion is entitled to judgment as a matter of law. CR 56(c); Afoa, 176 Wn.2d at 466. A material fact is a fact that controls the outcome of the litigation. Morris v. McNicol, 83 Wn.2d 491, 494, 519 P.2d 7 (1974). A genuine issue of material fact exists when reasonable minds could differ on those facts. Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). When determining whether a genuine issue of material fact exists, the court must view all facts and inferences from the facts in favor of the nonmoving party—here, Reiner. See id.

---

[1] Snohomish County also argued before the superior court that Reiner had failed to name a proper party as the defendant. The court did not reach this issue in its summary judgment order, and the County did not cross-appeal.

The moving party bears the initial burden to submit evidence establishing that it is entitled to judgment as a matter of law. Id. If the moving party submits adequate evidence, the burden shifts to the nonmoving party. Id. The nonmoving party can avoid summary judgment if it sets forth specific facts that sufficiently rebut the moving party's contentions and show a genuine issue of material fact. Id. The nonmoving party may not rely on speculation or bare assertions that factual issues exist. Id. Summary judgment should be granted only if, from all the evidence, reasonable minds could reach only one conclusion. Morris, 83 Wn.2d at 494.

I.      Jurisdiction

Reiner contends that the court erred in determining that the court's jurisdiction to collect restitution payments expired in 2013.

The duration of the court's jurisdiction over an offender for purposes of restitution is set out in statute. See RCW 9.94A.753. When we interpret a statute, our goal is to determine what the legislature intended the statute to mean and to carry out the intended purpose of the statute. Rental Hous. Ass'n of Puget Sound v. City of Des Moines, 165 Wn.2d 525, 536, 199 P.3d 393 (2009). If the meaning of the statutory language is plain on its face, we will accept that plain meaning as an expression of the legislature's intent. Id. "We assume that the legislature means what it says." Doan v. Dep't of Labor & Indus., 143 Wn. App. 596, 601, 178 P.3d 1074 (2008). So, we must give effect to all of the language in a statute, and we may not accept an interpretation that renders part of the enacted statute meaningless or superfluous. In re Det. of Boynton, 152 Wn. App. 442, 451–52,

216 P.3d 1089 (2009). These rules exist to maintain the separation of powers in our governmental system:

> When the lawmaking branch of the government has spoken, the courts may interpret, but cannot add to or take from the clear and unambiguous meaning of the law. To do so would be legislation rather than interpretation. The policy, expediency, and wisdom of a statute are legislative and not judicial questions.

Ransom v. City of S. Bend, 76 Wash. 396, 398, 136 P. 365 (1913).

The relevant statute in this case states that the county clerk is authorized to collect restitution payments while an offender remains under the court's jurisdiction. RCW 9.94A.753(4). Logically, the inverse is also true—the clerk is not authorized to collect restitution payments after the court's jurisdiction over the offender has expired. The duration of the court's jurisdiction over an offender for purposes of restitution depends on the date that the crime was committed. Id. For crimes committed between July 1, 1985 and July 1, 2000, the statute states that the offender remains under the court's jurisdiction for ten years after the offender's release from confinement or ten years after the entry of the judgment and sentence, whichever is later. Id. In this situation, the court may extend its jurisdiction an additional ten years to allow for continued payment of restitution. Id. The statute then states that, for crimes committed on or after July 1, 2000, the offender remains under the court's jurisdiction until the obligation is completely satisfied. Id.

The crime at issue here was committed in 1992. Under the plain language of the statute, Child remained under the court's jurisdiction for purposes of restitution for ten years after his release from confinement or the entry of the

judgment and sentence. The judgment and sentence was entered on January 28, 1993 and ordered Child to serve a three month term of confinement in the Snohomish County Jail, followed by 12 months of Community Supervision. Although the exact date of Child's release from confinement is not apparent from the record, he appears to have been released sometime in 1993. Therefore, the court's jurisdiction over Child for restitution purposes would last until 2003. In 2003, the State sought an extension of jurisdiction in accordance with RCW 9.94A.753. The court extended its jurisdiction an additional ten years, as allowed by the statute, to July 1, 2013. By the plain language of the statute and the court's order, the court's jurisdiction over Child expired on that date.

Reiner contends that the interpretation of the statute restricting the court's jurisdiction to a maximum of 20 years for older crimes "ignores the life history and progression of the statute," as well as the intent of the greater statutory scheme. Before the legislature amended the relevant statute in 2000, the statute included only the ten-year period of jurisdiction over the offender for purposes of restitution with the option to extend jurisdiction an additional ten years. Former RCW 9.94A.142(1) (1997), recodified as RCW 9.94A.753(4). In 2000, the legislature amended the statute and explicitly created two different rules for the length of the court's jurisdiction based on the date that the crime was committed. S.S.B. 6336, 56th Leg., Reg. Sess. (Wash. 2000). Although the amendment shows a general intent to extend jurisdiction for restitution purposes, the creation of the two categories clearly shows that legislature intended to differentiate between crimes committed before or after July 1, 2000. As noted above, "[w]e assume that the

legislature means what it says," and we will not ignore the explicit language of a statute. Doan, 143 Wn. App. at 601.

Reiner also argues that Supplementary Stipulated Order Regarding Restitution provides that the court's jurisdiction expires when restitution is "paid in full." The provision that he points to sets out the order of payment among the parties entitled to restitution. It states that the other recipients may receive restitution "when and if restitution to Travis T. Reiner . . . has been paid in full." This says nothing about the expiration of the court's jurisdiction, only that the other recipients may not begin to receive restitution payments unless or until Reiner is paid in full.

Finally, Reiner contends that the notices of satisfaction of judgment and accounts receivable write off filed in January, March, and May of 2019 create a genuine issue of material fact as to the date that the court lost jurisdiction. These notices do not affect the court's jurisdiction over Child; they simply acknowledge that the State's monetary judgment against Child is no longer enforceable. By the terms of the 2003 order extending jurisdiction, the court's jurisdiction over Child for purposes of restitution expired on July 1, 2013 without the need for further action by the court. The fact that the Clerk's Office apparently overlooked this detail for more than five years does not change the expiration date.

II.    Missing Documents

Reiner also contends that there are documents missing from the criminal case file and that the absence of these documents creates a genuine issue of material fact. First, he argues that a document entitled "Amended Order

- 8 -

Establishing Amount of Restitution and Directing the Disbursement of Funds" is missing from the case file "in direct violation of the order of the court dated March 30, 1994." Reiner states that this document defined the terms of restitution in the case and resulted in his surrender of his right to collect on the civil judgment. However, Reiner presented no other evidence of the existence or contents of this document. Reiner's bald assertion that this document is missing from the criminal case file does not create a genuine issue of material fact that would prevent summary judgment.

Also, the order dated March 30, 1994 does not mandate the creation of any other document. Reiner argues that the order "[i]mpl[ied] a duty to Snohomish County to amend the restitution order issued February 18, 1993[ ] to reflect the civil judgment." He contends that the County never amended the restitution order. This is not accurate. The document filed March 30, 1994 states that the State, Child, and Reiner stipulate and agree that the restitution order "should be amended to reflect restitution to Travis T. Reiner in accordance with the Stipulation and Agreed Partial Summary Judgment" filed in the civil case. The second portion of the document, entitled "ORDER," states:

> The parties having stipulated as above,
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that
> 1. Gregory N. Child shall make payments in accordance with the Stipulation and Agreed Partial Summary Judgment attached as EXHIBIT A hereto;
> 2. Gregory N. Child's payments shall be made to the Snohomish County Superior Court, under this cause, and once made, it is the order of the Court that they shall be distributed to Travis T. Reiner and his counsel, Thom H. Graafstra;
> 3. Restitution shall be made to the other parties herein, as previously set, when and if restitution to Travis T. Reiner in

accordance with the Stipulation and Agreed Partial Summary Judgment has been paid in full.

The document was signed by a judge. This is an order of the superior court amending the previous restitution order to reflect the agreed restitution amount from the civil case. No separate filing was required.

Reiner argues repeatedly that the County's write-off of the restitution order prevents him from enforcing his civil judgment against Child. Ordinarily, the restitution statute "does not limit civil remedies or defenses available to the victim." RCW 9.94A.753(9). We also note that nothing in the record before this court appears to preclude Reiner from enforcing his civil judgment, especially as a portion of the civil judgment was not able to be collected as criminal restitution.

Reiner also contends that the criminal file is missing "the order for July 1, 2013 terminating restitution and Write-Off." His argument appears to be that this document was never created and that the court's jurisdiction could not have expired without it. As explained above, the court's jurisdiction expired on July 1, 2013 by the terms of the 2003 order extending jurisdiction. No further order was required.

III.    Remaining Assignments of Error

Reiner also argues in his opening brief that a conflict of interest existed between the plaintiff, defense counsel, defendant, and trial judge and that he was denied his civil rights under the Fifth, Sixth, and Fourteenth Amendments. However, he concedes in his reply brief that he failed to raise these issues before

the trial court on summary judgment and therefore cannot raise them on appeal. We decline to address these issues.

Affirmed.

WE CONCUR: